89 F.3d 105
 65 USLW 2124
 Robert Henry COVINO, Plaintiff-Appellant,
v.
Frank REOPEL, et al., Defendants-Appellees.
Ernest William VANN, Plaintiff-Appellant,
v.
Benjamin F.L. DARDON, Defendant-Appellee.
Eddie KELLAMS, Plaintiff-Appellant,
v.
Philip COOMBE, Commissioner of The New York State Department
of Correctional Services, et al., Defendants-Appellees.
UNITED STATES of America, Appellee,
v.
Richard DAVID, Defendant-Appellant.
 Docket Nos. 96-2295, 96-2329, 96-2146 and 95-1522.
 United States Court of Appeals,
Second Circuit.
 Submitted July 3, 1996.
Decided July 16, 1996.
 
 Robert Henry Covino, pro se, Swanton, Vt.
 Ernest William Vann, pro se, Alden, N.Y.
 Eddie Kellams, pro se, Beacon, N.Y.
 Richard David, pro se, White Deer, Pa.
 Before: NEWMAN, Chief Judge, KEARSE and WINTER, Circuit Judges.
 JON O. NEWMAN, Chief Judge.
 
 
 1
 These motions by incarcerated prisoners in four unrelated cases oblige this Court to consider to what extent, if any, the new fee requirements of the Prison Litigation Reform Act of 1995 (PLRA) apply to appeals filed before the April 26, 1996, effective date of the new statute. We conclude that the PLRA applies to prisoners who filed a notice of appeal prior to the effective date, including those who filed a motion to proceed on appeal in forma pauperis prior to the effective date and those who have been granted i.f.p. status on appeal by virtue of the continuance of i.f.p. status granted in the district court and not revoked. Since none of the four appellants has complied with the PLRA, we will dismiss their appeals in 30 days unless within that time they comply with the PLRA procedure set forth in Leonard v. Lacy, 88 F.3d 181 (2d Cir.1996).
 
 Facts
 
 2
 In No. 96-2295, Robert Henry Covino, an incarcerated Vermont prisoner, moves for leave to proceed in forma pauperis and other relief, in connection with his appeal from a judgment of the District Court for the District of Vermont (J. Garvan Murtha, Chief Judge). The judgment dismissed, on defendants' motion for summary judgment, Covino's suit, filed under 42 U.S.C. § 1983, against current and former employees and officials of a Vermont corrections facility. Covino filed his notice of appeal on April 10, 1996, and filed his motion to proceed i.f.p. on May 2, 1996.
 
 
 3
 In No. 96-2329, Ernest William Vann, an incarcerated New York prisoner, moves for leave to proceed i.f.p. on his appeal from a judgment of the District Court for the Northern District of New York (Rosemary S. Pooler, Judge). The judgment dismissed Vann's complaint, filed under 42 U.S.C. § 1983, against the attorney who represented him on his state court criminal appeal. Like Covino, Vann filed his notice of appeal before the effective date of the PLRA and his motion to proceed i.f.p. after the effective date.
 
 
 4
 In No. 96-2146, Eddie Kellams, an incarcerated New York prisoner moves for leave to proceed i.f.p. on his appeal from a judgment of the District Court for the Southern District of New York (Thomas P. Griesa, Chief Judge). The judgment dismissed Kellams's suit, filed under 42 U.S.C. § 1983, against the Commissioner of the New York Department of Corrections and a doctor at a New York corrections facility. Kellams filed both his notice of appeal and his motion to proceed i.f.p. before the effective date of the PLRA.
 
 
 5
 In No. 95-1522, Richard David, an incarcerated federal prisoner, moves for appointment of counsel on his appeal from an order of the District Court for the Eastern District of New York (Reena Raggi, Judge). The order denied David's motion for the return of seized property. David filed his notice of appeal before the effective date of the PLRA. He was granted leave to proceed i.f.p. by the District Court, and, since the District Court did not revoke his i.f.p. status, that status continues in this Court. See Fed. R.App. P. 24(a).
 
 Discussion
 
 6
 We have recently considered and resolved several issues arising under the PLRA, which Congress enacted as Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. 104-134, 110 Stat. 1321 (1996). See Leonard, 88 F.3d at 184-187. Familiarity with that opinion is assumed. This opinion considers issues of retroactivity, arising in slightly differing circumstances. All four appellants filed their notices of appeal before the April 26, 1996, effective date of the PLRA. Covino and Vann filed their motions to proceed i.f.p. in this Court after the effective date, Kellams filed his i.f.p. motion before the effective date, and David acquired i.f.p. status in this Court before the effective date since that status was granted in the district court and not revoked.
 
 
 7
 The PLRA contains no effective date provision, and none of its provisions gives any explicit indication as to whether the Act would have any application to pending appeals. We must therefore apply the standards recently enunciated by the Supreme Court in Landgraf v. USI Film Products, 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), for determining whether a statute has the sort of retroactive effect that may not be applied to pending litigation in the absence of clear Congressional intent. Though Justice Stevens's opinion for the Court, id. at ----, 114 S.Ct. at 1488, and Justice Scalia's opinion concurring in the judgment, id. at ----, 114 S.Ct. at 1522, express somewhat different approaches to deciding this question, some common themes emerge.
 
 
 8
 Statutes effecting changes in substantive law will normally be considered not to have retroactive effect, whereas many changes of a procedural nature may be applied to pending litigation. See Vernon v. Cassadaga Valley Central School District, 49 F.3d 886 (2d Cir.1995) (statute of limitations period fully available to litigant applied to pending case); id. at 891 (Cabranes, J., concurring) (cautioning against retroactive application of all procedural changes). Justice Stevens suggested that "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." Landgraf, 511 U.S. at ----, 114 S.Ct. at 1499. He noted that a presumption against retroactivity normally applies to new provisions affecting contractual or property rights. Id. at ----, 114 S.Ct. at 1500. In discussing whether procedural changes may permissibly have retroactive application, he offered two examples, each pointing in opposite directions. A new attorney's fee provision may be applied to pending litigation, id. at ----, 114 S.Ct. at 1503, at least in circumstances like those presented in Bradley v. Richmond School Bd., 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), but "[a] new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime...." Landgraf, 511 U.S. at ---- n. 29, 114 S.Ct. at 1502 n. 29. In general, he described the retroactivity that was presumptively prohibited in the absence of clear Congressional intent as arising where the new provision "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Id. at ----, 114 S.Ct. at 1505. He emphasized that parties are normally entitled to conform their conduct to the law's requirements and "settled expectations should not be lightly disrupted." Id. at ----, 114 S.Ct. at 1497 (footnote omitted).
 
 
 9
 Justice Scalia placed less emphasis on the substantive/procedural distinction, preferring examination of "the relevant activity that the [new] rule regulates." Id. at ----, 114 S.Ct. at 1524. Acknowledging that many procedural changes encounter no retroactivity objection, id., he offered, as an example of a procedural change that may not be applied retroactively, a new rule governing expert testimony. Id. at ----, 114 S.Ct. at 1525. Significantly, he stated that such a new rule "would unquestionably not be applied to testimony already taken--reversing a case on appeal, for example, because the new rule had not been applied at a trial which antedated the statute." Id. (emphasis in original). Presumably, he would not necessarily object to a slight retroactive application to strike testimony already presented (unless striking could not realistically be effective), since his focus was to avoid having to reverse on appeal a judgment entered after a completed trial.
 
 
 10
 The rationales outlined in Landgraf strongly indicate that the fee payment obligations of the PLRA should be applied to appeals in which the notice of appeal was filed before the Act's effective date. The fee payment obligations are essentially procedural, and they are far less burdensome than the attorney's fee obligations applied to pending litigation in Bradley. More significantly, the slight burden arising from application of the PLRA requirements to pending appeals is entirely avoidable. Even though a prisoner has filed a notice of appeal, he has no obligation to pursue it, and once confronted with the prospect of liability for filing fees, he may choose either to accept that liability or withdraw his appeal. If he concludes that his appeal is so likely to be deemed to lack merit that investment of filing fees is ill-advised, his withdrawal of the appeal fully serves the Congressional purpose of discouraging meritless appeals. See Leonard, 88 F.3d at 185. Applying the PLRA requirements to pending appeals does not "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at ----, 114 S.Ct. at 1505.
 
 
 11
 The issue would be entirely free from doubt were it not for the suggestion in footnote 29 of Justice Stevens's opinion that a new rule affecting the filing of complaints would not normally be applied to a complaint already filed. We are not deterred by this example for two reasons. First, the example is offered in dictum, far removed from the holding of Landgraf, which concerned additional and unavoidable burdens sought to be imposed on conduct occurring before enactment of the new statute. Second, an already filed complaint might well prevent retroactive application of new complaint rules under circumstances where their application risked dismissal and a resulting time bar to the plaintiff's cause of action, or, even if dismissal was ordered without prejudice, risked the waste of significant time and effort by the plaintiff in investigating the facts of the case and framing the complaint under the prior rules. It is difficult to imagine that a prisoner's filing of a notice of appeal from an adverse civil judgment entailed any significant investment of time or effort.
 
 
 12
 Analyzing the issue in Justice Scalia's terms, we note that the relevant event for purposes of retroactivity is, at the earliest, the granting of leave to proceed on appeal in forma pauperis. Neither the filing of the notice of appeal nor the making of the i.f.p. motion implicates settled expectations or burdens prior conduct in ways that counsel against application of the PLRA to pending appeals.
 
 
 13
 We recognize that the Tenth Circuit has declined to apply the PLRA's requirements where a notice of appeal was filed before the Act's effective date. See White v. Gregory, 87 F.3d 429 (10th Cir. 1996). That decision, however, contains no discussion of the issue, and we respectfully disagree with its conclusion.
 
 
 14
 We will therefore apply the PLRA requirements, as outlined in Leonard, to the motions filed by Covino, Vann, and Kellams. By filing their notices of appeal before the Act's effective date, none of them has acquired any rights that would be impermissibly impaired by applying the PLRA to their appeals, nor has Kellams acquired such protectable rights by filing his motion to proceed on appeal i.f.p. before the effective date. The motion filed by David requires further consideration.
 
 
 15
 Before the PLRA's effective date, David filed his notice of appeal and acquired i.f.p. status in this Court since he was granted leave to proceed i.f.p. in the District Court and that status continues on appeal unless revoked. See Fed. R.App. P. 24(a). Arguably, he has acquired a right that may not now be burdened by subjecting him to the PLRA's requirements. We conclude otherwise for several reasons.
 
 
 16
 First, as we have noted, the burdens of the PLRA are both slight and entirely avoidable. Second, the purpose of the PLRA is to oblige prisoners to feel the deterrent effect of filing fee obligations before courts are burdened with frivolous appeals. See Leonard, 88 F.3d at 184-185. Since no judicial time has yet been invested in considering the merits of David's appeal, the Congressional purpose is significantly advanced by applying the PLRA's requirements to his appeal at this stage. Had his appeal reached the stage where judicial resources had already been expended, or perhaps even if the appellant himself could demonstrate that he had expended significant time and effort by preparing an appellate brief, we might deem it inappropriate to apply the Act to his appeal. At this threshold stage of his appeal, however, such circumstances are not present.[1] Finally, we cannot regard David as having the sort of settled expectations with which the Supreme Court was concerned in Landgraf. David may well be surprised to learn that he must now choose between becoming obligated for filing fees or withdrawing his appeal, but that choice creates at most disappointment, not impairment of protectable interests.
 
 
 17
 Accordingly, with respect to the motions of each of the four appellants, the Court will dismiss his appeal in 30 days unless within that time the prisoner files in this Court the authorization required by our decision in Leonard. Each appellant is cautioned that if he avoids dismissal of his appeal by filing the required authorization and the appeal is subsequently determined to be frivolous or for any other reason is later dismissed, the $105 of appellate fees will continue to be debited from his prison account.
 
 
 
 [1]
 The situation might be different if this Court had granted a motion to proceed on appeal i.f.p., a step that would normally require judicial assessment of whether the appeal had sufficient merit to surmount the standard of frivolousness, see 28 U.S.C. § 1915(e)