94 F.3d 71
 Michael F. RAMSEY, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III, Commissioner, Department of
Correctional Services; R.J. McClellan,
Superintendent, Southport Correctional
Facility, Defendants-Appellees.
 No. 1259, Docket 95-2665.
 United States Court of Appeals,
Second Circuit.
 Submitted March 1, 1996.
Decided Aug. 27, 1996.
 
 Michael F. Ramsey, Auburn, New York, pro se, for Plaintiff-Appellant.
 Siobhan S. Crary, Assistant Attorney General, State of New York, Albany, New York (Dennis C. Vacco, Attorney General, Peter H. Schiff, Deputy Solicitor General, Nancy A. Spiegel, Assistant Attorney General, of counsel), for Defendants-Appellees.
 Before VAN GRAAFEILAND, MESKILL, and WINTER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 Michael Ramsey, pro se, in forma pauperis, and incarcerated, appeals from Magistrate Judge Foschio's sua sponte grant of summary judgment in favor of New York corrections officials Thomas Coughlin and R.J. McClellan, respectively Commissioner of the Department of Correctional Services and Superintendent of Southport Correctional Facility. We hold that the Prison Litigation Reform Act of 1996 ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. 104-134, 110 Stat. 1321 (1996) (to be codified at 28 U.S.C. § 1915), does not apply to appeals submitted for decision before the PLRA was effective. We reverse because the sua sponte grant of summary judgment was not based on a proper record.
 
 
 2
 Ramsey's pro se complaint alleged that his constitutional rights were violated when corrections officers at Southport Correctional Facility confiscated writing and carbon paper needed for legal purposes, denied him access to legal materials from the Southport Correctional Facility library, hindered his attempt to procure notary services, and denied his requests for a diet of kosher food. Ramsey claimed that Coughlin and McClellan are personally liable because they knew of, and authorized, the various alleged violations of his rights.
 
 
 3
 After appellees filed their answer, Ramsey moved for leave to amend his complaint. In a scheduling order, Magistrate Judge Foschio[1] denied the request for leave to amend on the ground that Ramsey had withdrawn the request by letter dated June 6, 1994. Ramsey v. Coughlin, No. 94-CV-9S (W.D.N.Y. July 19, 1994) (scheduling order). The denial of leave to amend appears to have been in error because Ramsey's request to withdraw related to a different case, Ramsey v. Busch, No. 93-CV-721S (W.D.N.Y.). The scheduling order further provided that discovery would conclude on October 28, 1994 and that dispositive motions should be filed by December 30, 1994. Ramsey v. Coughlin, No. 94-CV-9S, *3.
 
 
 4
 On December 12, 1994, Ramsey filed a motion for summary judgment, along with a memorandum of law and a statement of purportedly undisputed material facts. Appellees neither responded to Ramsey's motion nor filed a cross-motion for summary judgment. Nevertheless, on September 6, 1995, Magistrate Judge Foschio denied Ramsey's motion for summary judgment, sua sponte granted summary judgment for appellees, and dismissed the complaint. Ramsey v. Coughlin, No. 94-CV-9S(F), slip op. (W.D.N.Y. Sept. 6, 1995). She held that because Ramsey had offered insufficient evidence of personal involvement by Coughlin and McClellan in the alleged violations, summary judgment could be entered against Ramsey sua sponte. Id., slip op. at 8-10.
 
 
 5
 Before reaching the merits of this appeal, we address whether Ramsey must comply with the provisions of the PLRA, which, if applicable, require dismissal of this appeal unless Ramsey submits an appropriate authorization form to this court. Leonard v. Lacy, 88 F.3d 181 (2d Cir.1996). The PLRA was signed by the President on April 26, 1996. We recently held that, to comply with the PLRA and to proceed in forma pauperis in certain actions, a prisoner must submit an authorization form allowing collection of an initial partial filing fee and subsequent payments until the full fee is paid. Leonard, 88 F.3d at 187-88. We have also held that the PLRA's fee provisions apply to appeals in which a prisoner has been granted in forma pauperis status by the district court, even if the notice of appeal is filed before the enactment of the PLRA. Covino v. Reopel, 89 F.3d 105, 105-06 (2d Cir.1996). However, we suggested in Covino that the fee provisions might not apply in cases in which the "appeal reached the stage where judicial resources had already been expended, or perhaps even if the appellant himself could demonstrate that he had expended significant time and effort by preparing an appellate brief." Id. at 108.
 
 
 6
 We hold that Ramsey need not comply with the PLRA because his appeal was fully briefed, considered by us, and deemed submitted for decision before the PLRA became effective. Requiring Ramsey to comply with the PLRA fee provisions would, therefore, not further the congressional purposes of reducing the state's burden of responding to frivolous actions or of deterring frivolous prisoner litigation. See Covino, 89 F.3d at 108; Leonard, 88 F.3d at 185. We therefore reach the merits.
 
 
 7
 Ramsey challenges the propriety of the district court's sua sponte entry of summary judgment against him. We agree that it was improper. Rule 56, Fed.R.Civ.P., does not authorize the sua sponte granting of summary judgment to a non-moving party. However, it is generally established that "the trial court is not precluded from entering summary judgment for the non-movant if, in reality, no factual dispute exists and the non-movant is entitled to summary judgment as a matter of law." 6 James W. Moore, Moore's Federal Practice p 56.12, at 56-165 (2d ed.1995). Nevertheless, "[c]are should, of course, be taken by the district court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." Id.; see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 34 (2d ed. 1983) ("[W]henever the court believes that the non-moving party is entitled to judgment, great care must be exercised to assure that the original movant has had an adequate opportunity to show that there is a genuine issue and that his opponent is not entitled to judgment as a matter of law.").
 
 
 8
 Thus, we have acknowledged that a district court's independent raising and granting of summary judgment in favor of the nonmoving party is "an accepted method of expediting litigation." Coach Leatherware Co. v. AnnTaylor, Inc., 933 F.2d 162, 167 (2d Cir.1991). Subsequently, we have held that "[s]ummary judgment should not be granted ... unless the losing party has been given an opportunity to demonstrate that there are genuine material issues for trial." Hispanics for Fair and Equitable Reapportionment v. Griffin, 958 F.2d 24, 25 (2d Cir.1992) (per curiam).
 
 
 9
 Where it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, a sua sponte grant of summary judgment against that party may be appropriate if those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law. See Coach Leatherware, 933 F.2d at 167. Before granting summary judgment sua sponte, the district court must assure itself that following the procedures set out in Rule 56 would not alter the outcome. Discovery must either have been completed, or it must be clear that further discovery would be of no benefit. The record must, therefore, reflect the losing party's inability to enhance the evidence supporting its position and the winning party's entitlement to judgment.
 
 
 10
 Appellate review of a grant of summary judgment is de novo. Gummo v. Village of Depew, 75 F.3d 98, 107 (2d. Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 1678, 134 L.Ed.2d 780 (1996). The record here, which consists solely of Ramsey's submission in support of his own motion, does not meet the test set out above. Discovery here has been concluded, but we have no way of knowing whether all pertinent materials obtained in discovery are before us. Had the procedures required by Rule 56 been used and had appellees moved for summary judgment, the state of the evidence concerning the crucial issue of appellees' personal involvement would have been clarified. As in Griffin, Ramsey's "road to success ... is not a primrose path." 958 F.2d at 26. Nevertheless, after Ramsey has been allowed to amend his complaint, an orderly and reviewable record should be made if summary judgment is to be granted against him.
 
 
 11
 We therefore reverse.
 
 
 
 [1]
 With the consent of the parties, Judge Skretny referred the case to Magistrate Judge Foschio for all further proceedings and entry of final judgment, pursuant to 28 U.S.C § 636(c) and Rule 73, Fed.R.Civ.P