**Rudolph LUCIEN, Plaintiff–Appellant,**

v.

**Diane JOCKISCH, Defendant–Appellee.**

No. 96–2450.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 16, 1997.

Decided Jan. 7, 1998.

Barbara L. Herwig, Robert M. Loeb (argued), Department of Justice, Civil Division, Appellate Section, Washington, DC, for Intervenor.

Before CUDAHY, FLAUM, and MANION, Circuit Judges.

FLAUM, Circuit Judge.

Rudolph Lucien, a prisoner currently incarcerated at Stateville Correctional Center, attempted to sue a prison official who had transferred him to a different prison. Lucien alleged that the transfer was in retaliation for earlier litigation commenced by Lucien against the official. The district court denied Lucien's petition to proceed *in forma pauperis* (IFP); dismissed his complaint as time-barred; and barred him from proceeding IFP in the future pursuant to the "three-strikes" provision of the Prison Litigation Reform Act of 1996, 28 U.S.C. § 1915(g). For the reasons given below, we hold that the complaint was filed within the statute of limitations and that the prospective order under § 1915(g) was improper. We therefore reverse the district court's dismissal of Lucien's complaint as time-barred, vacate the portion of the order relating to the prospective bar under § 1915(g), and remand for further proceedings consistent with this opinion.

## I. Background

On March 14, 1996, Rudolph Lucien lodged[1] a pro se complaint and petition to proceed *in forma pauperis* with the district court for the Northern District of Illinois. The complaint named Diane Jockisch, the Transfer Coordinator of the Illinois Department of Corrections, as the defendant. It alleged that on December 5, 1995, Jockisch transferred Lucien from Menard Correctional Center to Stateville Correctional Center in retaliation for earlier lawsuits filed by Lucien against Jockisch and other officials in 1993

Alan S. Mills (argued), Uptown People's Law Center, Chicago, IL, for Plaintiff-Appellant.

Rita M. Novak, Office of the Attorney General, A. Benjamin Goldgar, Office of the Attorney General, Civil Appeals Division, Chicago, IL, for State of Illinois.

---

**1.** A complaint with request to proceed IFP is "lodged," as opposed to "filed," when it is received by the district court. *See Thurman v. Gramley,* 97 F.3d 185, 189 (7th Cir.1996).

and 1995. The complaint asserted that this retaliatory transfer violated Lucien's due process and equal protection rights, and it sought damages and injunctive relief under 42 U.S.C. § 1983.

On April 25, 1996, the district court[2] entered a prepayment order concluding that, although Lucien was unable to prepay the entire filing fee, Lucien must prepay a partial filing fee in the amount of $34.43. If Lucien paid the partial fee within 45 days, the court would grant Lucien's request to proceed IFP; alternatively, the court stated that it would waive the partial fee if Lucien could show why partial prepayment should not be required. On May 8, 1996, Lucien asked the court to reconsider the imposition of the partial prepayment fee and submitted an affidavit claiming that he was totally without funds. The district court denied this motion on May 16 but granted Lucien additional time to come up with the $34.43. Lucien again moved that the court reconsider the partial fee.

On June 4, 1996, the district court entered a final order dismissing the case. The court found that Lucien's § 1983 claim was barred by the statute of limitations, and it concluded that "[t]herefore, the plaintiff's petition for leave to proceed *in forma pauperis* must be denied and his complaint must be dismissed." Order of June 4, 1996 at 3.[3] In addition, the court barred the plaintiff from ever proceeding *in forma pauperis* in the future:

> As a final concern, the court's Order of May 16, 1995, warned the plaintiff about possible ramifications of pursuing a time-barred claim. In addition, this court and the other divisions of the Central District of Illinois have dismissed previous cases of the plaintiff's as frivolous, *see e.g., Lucien v. Johnson* (Case Number 91–2067) and repeatedly admonished him about potential sanctions for frivolous litigation. *See, e.g.,*

2. On March 20, 1996, the case was transferred pursuant to 28 U.S.C. § 1406(a) from the Northern District's Eastern Division to the Central District of Illinois at Springfield.

3. The district court dismissed the complaint "with prejudice, pursuant to 28 U.S.C. § 1915(d)." This citation refers to the version of § 1915(d) in effect before the section was modified by the Prison Litigation Reform Act. The version cited by the district court provided that

*Lucien v. Roper,* 90–2420 (Order of May 9, 1991); *Lucien v. Wollberg,* 93–1388 (Order of January 21, 1994). [The plaintiff's appeals in each of those cases were also dismissed as groundless.] This lawsuit constitutes at least the plaintiff's fourth "strike."

> Because the plaintiff has filed at least three frivolous lawsuits in federal court while incarcerated, he is hereby barred from proceeding *in forma pauperis* in any case unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g) (enacted April 26, 1996).

*Id.* at 3.

Lucien appeals the district court's dismissal of his complaint.[4] He argues that the district court erred in concluding that his complaint was time-barred, and he further contends that applying § 1915(g) to bar him from proceeding IFP in the future violates his constitutional rights of equal protection and meaningful access to the courts. Because of the procedural posture of the case, Defendant Jockisch had never been served with process. Accordingly, at the court's request, the Attorney General of Illinois filed a brief defending the constitutionality of § 1915(g). In addition, the United States intervened in the appeal and also filed a brief defending § 1915(g).

## II. Discussion

### A. Statute of Limitations

■ The state statute of limitations for personal injury suits provides the limitations period for Lucien's § 1983 action. *See Wilson v. Garcia,* 471 U.S. 261, 275, 105 S.Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). In Illinois, this period is two years. 735 Ill. Comp. Stat. § 5/13–202. Thus, Lucien's complaint is time-barred only if the events giving rise to his cause of action occurred more than two years prior to his filing suit.

the court "may dismiss the case if … satisfied that the action is frivolous or malicious." 28 U.S.C.A. § 1915(d) (West 1994).

4. Lucien paid the full filing fee for his appeal to this court; he is not proceeding *in forma pauperis* on appeal. Lucien also filed a motion for reimbursement of the filing fee, which we consider along with his appeal. *See infra* note 7.

Lucien's suit does not run afoul of the statute of limitations. The district court stated that Lucien's suit arises from an allegedly retaliatory transfer that occurred in October 1993. Order of June 4, 1996 at 2. Although the complaint does mention a transfer in October 1993, this is not the gravamen of Lucien's cause of action. According to the complaint, Lucien was transferred on October 25, 1993 in retaliation for previous litigation in which Lucien charged Department of Corrections officials with a different retaliatory transfer that occurred in June 1993. When Lucien sued on the October 1993 transfer, the complaint alleges, he was transferred again (on December 5, 1995) in retaliation for this suit. Thus, Lucien alleges a pattern of retaliatory transfers, culminating in the December 1995 transfer. The December 1995 transfer is the starting point for measuring the limitations period. *Doe v. Montessori Sch. of Lake Forest*, 287 Ill.App.3d 289, 223 Ill.Dec. 74, 678 N.E.2d 1082, 1089 (1997) (cause of action for torts accrues at the time the plaintiff suffers the injury); *see also Nowak v. Szwedo*, 704 F.Supp. 153, 157 (N.D.Ill.1989) (measuring the limitations period from the date of the retaliatory transfer). Lucien's complaint, which was received by the district court in March 1996, falls well within the two-year period. Accordingly, Lucien's complaint was not time-barred, and his complaint should not have been dismissed on that basis.

### B. Effect of the Prison Litigation Reform Act's Three Strikes Provision

This leaves us with the district court's prospective order barring Lucien from pro-

ceeding IFP in the future. The court relied on 28 U.S.C. § 1915(g), which codifies § 804(d) of the Prison Litigation Reform Act (PLRA), Pub.L. 104134, 110 Stat. 1321–73, 1321–74 (effective April 26, 1996). This section prevents a prisoner from proceeding IFP if courts have previously dismissed three of the prisoner's suits as frivolous, malicious, or for failing to state a claim.[5] Lucien argues that § 1915(g) violates the Fifth Amendment's equal protection guarantee and his fundamental right of meaningful access to the federal courts.

Before we can consider these issues, however, we must first determine whether Lucien's complaint is subject to the PLRA. If the PLRA applies, then Lucien, whom the district court found to have three strikes against him (even prior to his present litigation), would be barred from proceeding *in forma pauperis* by § 1915(g).[6] Because he could not proceed IFP, Lucien would be obligated to prepay the entire filing fee. His failure to pay the fee would mandate dismissal of his complaint, regardless of its merits, and he would remain liable for the filing fee. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir.), *petition for cert. filed*, Oct. 20, 1997 (No. 97–6466). In contrast, if the PLRA does not apply to his complaint, then Lucien may proceed IFP if he meets the requirements of the pre-PLRA *in forma pauperis* regime.

The applicability of the PLRA to a prisoner's complaint normally depends on when the complaint is filed. In Lucien's case, although the complaint was received by the district

---

**5.** 28 U.S.C. § 1915 governs proceedings *in forma pauperis* in federal courts. Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**6.** The district court characterized its § 1915(g) order as a prospective bar only. In fact, the

court's reliance on the pre-PLRA version of § 1915 in dismissing the suit as time-barred, *see supra* note 3, shows that the court did not purport to apply the PLRA to Lucien's *present* suit, except to count the complaint as a fourth strike. If the PLRA does apply to Lucien's present complaint, however, then § 1915(g) should apply not just prospectively but currently. In other words, if Lucien's complaint is governed by the PLRA, and the district court correctly counted the number of Lucien's previous strikes, then § 1915(g) bars Lucien from proceeding IFP in the instant case (regardless of whether Lucien's complaint is also time-barred).

court on March 14, 1996, which is before the PLRA's effective date of April 26, the complaint was not filed until June 4, 1996, the date on which the district court decided Lucien's petition to proceed IFP. *See Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir.1997) ("A complaint is not deemed to be 'filed' ... until the requisite fees have been paid or the complainant has been granted leave to proceed IFP."); *see also Thurman v. Gramley*, 97 F.3d 185, 189 (7th Cir.1996) ("[A]n appeal lodged before April 26, but ineffective because the appellant lacks IFP status, does not become 'filed' until the motion has been acted on, one way or the other."). Thus, Lucien's complaint was filed after the effective date of the PLRA.

Establishing the filing date, however, does not end the inquiry into the applicability of the PLRA. When a complaint is actually received by the district court prior to the PLRA's effective date, the district court's delay in acting on the complaint (by granting or denying IFP status) until after the effective date does not automatically bring the complainant under the PLRA. In *Thurman,* we considered an appeal and request to proceed IFP that were "lodged" (i.e., received by the court) prior to the PLRA's effective date but "filed" after that date. We held that because Thurman's appeal was filed after the effective date, it was subject to the PLRA's mandatory filing fee provisions. 97 F.3d at 188. However, we also noted the following:

> Litigants such as Thurman can be finagled by the combination of this delay and the new statute into a liability they never anticipated.... And to prevent the assessment of a fee against a litigant who may not have anticipated this possibility, we will give Thurman (and any similarly situated litigants) notice and an opportunity to dismiss the appeal before taking the step that locks in the obligation to pay.

97 F.3d at 189.

*Thurman's* analysis of appeals that straddle the PLRA's effective date applies with equal force to complaints. Here, Lucien lodged his complaint prior to April 26, but the complaint was filed after April 26. Hence, before the PLRA could be applied to Lucien's complaint, the district court would need to give Lucien notice and an opportunity to withdraw the complaint before Lucien's obligation to prepay the full filing fee becomes "locked in."

The record shows that Lucien's only notice of the PLRA's applicability in this case was the following warning contained in an order extending the deadline for compliance with the court's prepayment order:

> Before taking further action in this case, the plaintiff, a highly experienced litigator, should research the statute of limitations for civil rights actions in Illinois. The recently implemented Prison Litigation Reform Act calls for sanctions for frivolous lawsuits, including the revocation of good time credits.

Order of May 16, 1996 at 2. Although this warning mentions the PLRA, it does not alert Lucien to the fact that his pursuit of even a non-frivolous suit will trigger his obligation to prepay the entire filing fee under the statute because he already has three strikes. Instead, the warning is couched in terms of penalties for time-barred (and therefore frivolous) suits; we have already explained why this suit was not in fact time-barred. Thus, this warning does not satisfy *Thurman's* directive to give notice and an opportunity to withdraw the complaint. Section 1915(g) cannot be applied to bar Lucien from proceeding IFP in his current suit until the requirements of *Thurman* are met. This Opinion now gives Lucien sufficient notice of the applicability of § 1915(g); on remand, the district court should set a deadline for Lucien to withdraw his complaint if he wishes to avoid the obligation to prepay the full filing fee.

Because § 1915(g) does not apply (yet) to Lucien's current suit, Lucien's constitutional challenge to that provision is not ripe for adjudication. *See United Pub. Workers of Am. v. Mitchell*, 330 U.S. 75, 67 S.Ct. 556, 91 L.Ed. 754 (1947); *Biddison v. City of Chicago*, 921 F.2d 724 (7th Cir.1991). On remand, Lucien can proceed in a variety of ways in his retaliatory transfer suit. He could drop the suit, or he could prepay the full filing fee and proceed with the litigation. If he pursues either of these options, then the PLRA

 

has no effect on his current suit. Section 1915(g) will be implicated only if, after having now received notice of the PLRA's applicability, Lucien declines to withdraw his suit and attempts to continue without prepaying the full filing fee. In that scenario, Lucien's suit would be dismissed under § 1915(g) (assuming, as the district court stated, that Lucien already has three strikes against him).

■ It would be improper for us to address the merits of Lucien's constitutional challenge to § 1915(g) because that section has not been, and may never be, applied to him. *See Ashwander v. Tennessee Valley Auth.*, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) ("The Court will not anticipate a question of constitutional law in advance of the necessity of deciding it.") (quotation omitted); *Alcan Alum. Ltd. v. Department of Rev.*, 724 F.2d 1294, 1295 n. 1 (7th Cir.1984) ("[C]oncern with the contingency of future events is at the core of the ripeness doctrine."); *cf. Lyon v. Krol*, 127 F.3d 763, 764-65 (8th Cir.1997) (holding that the plaintiff had no standing to raise a constitutional challenge to § 1915(g) because the prisoner, who possessed sufficient funds to pay the required filing fee, had not shown that the PLRA had yet deprived him of access to the courts).[7] The district court's prospective order purportedly barring Lucien from proceeding IFP in the future merely replicates a bar imposed automatically by the statute.[8] At the present time, Lucien's position is no different than that of any prisoner who, because of prior frivolous lawsuits, must take § 1915(g) into account in deciding whether to engage in litigation. Accordingly, we conclude that Lucien's constitutional argument is not ripe.

## III. Conclusion

For the reasons stated above, we reverse the district court's dismissal of Lucien's com-

plaint as time-barred, vacate that portion of the order pertaining to the prospective bar under § 1915(g), and remand for further proceedings consistent with this Opinion.

---

**7.** The *Lyon* case also supports our decision to deny Lucien's motion for reimbursement of the filing fee he paid to pursue this appeal. Since Lucien had access to sufficient funds to pay the filing fee for his appeal, the PLRA has not deprived him of access to the courts.

**8.** Even though the district court's prospective bar replicates the statutory bar and has no indepen-

dent effect, we must vacate that portion of the district court's order because its timing was inappropriate. The time to tally up Lucien's previous strikes is when Lucien has an action before the court to which § 1915(g) might apply. As noted, the district court did not purport to apply § 1915(g) to Lucien's current complaint. *See supra* note 3.