Joyce PARKS, Plaintiff–Appellant,

v.

TOWN OF GREENBURGH, Defendant,

Assistant District Attorney of Greenburgh "Jane Doe," District Attorney of the Town of Greenburgh "Jane Doe," Defendants,

Arresting Officer in the Town of Greenburgh, "Joe Doe," Defendant–Appellee.

No. 07–5617–cv.

United States Court of Appeals, Second Circuit.

Aug. 27, 2009.

Joyce Parks, New York, NY, pro se.

Timothy W. Lewis, Town Attorney for the Town of Greenburgh, Greenburgh, NY, for Defendant–Appellee.

PRESENT: JON O. NEWMAN, ROBERT A. KATZMANN, Circuit Judges, and DAVID G. TRAGER,* District Judge.

* David G. Trager, Senior Judge of the United States District Court for the Eastern District

### SUMMARY ORDER

Joyce Parks appeals from a judgment of the district court dismissing her amended complaint alleging selective prosecution against defendants Arresting Officer, District Attorney, and Assistant District Attorney, all of the Town of Greenburgh. The Arresting Officer claims on appeal that the district court properly dismissed Parks's amended complaint. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues and hold as follows.

 Defendant Arresting Officer moved for summary judgment and, while the district court did not explicitly indicate whether it was granting this motion or the simultaneously filed motion to dismiss, the District Court referenced and relied upon facts that were not alleged in the amended complaint. For this reason, we construe the District Court's order as one granting the Arresting Officer's motion for summary judgment. We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). An independent and *de novo* review of the record and case law makes clear that the district court did not err in granting summary judgment to the Arresting Officer, since Parks failed to establish that she was selectively treated. *See Zahra v. Town of Southold*, 48 F.3d 674, 683–84 (2d Cir. 1995); *see also United States v. Armstrong*, 517 U.S. 456, 465, 470, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996). Both she and her co-defendant were subject to the same criminal charge and her co-defendant in fact pleaded guilty to a greater charge than did Parks, undermining her claim that she was prosecuted based on her skin color and gender, while her co-defendant was not prosecuted at all.

The remaining defendants, the District Attorney and the Assistant District Attorney for the Town of Greenburgh, neither answered Parks's amended complaint nor filed any motions on their own behalf. Nonetheless, the district court did not err in *sua sponte* dismissing the amended complaint against them, because we have held that, "[w]here it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court" and "those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law," a district court does not err in *sua sponte* granting summary judgment against the plaintiff. *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir.1996). In this case, Parks had the opportunity to submit evidence in opposition to the Arresting Officer's summary judgment motion, and in fact did so, admitting in her affidavit that her co-defendant had been prosecuted and had pled guilty to the original charge. Given that Parks's claim of selective treatment was identical as it related to the Arresting Officer and the remaining defendants, Parks's admissions in her affidavit showed that no material dispute of facts existed, and the district court was thus not in error to *sua sponte* grant summary judgment to the District Attorney and Assistant District Attorney.

In any event, the district court had the power, pursuant to 28 U.S.C. § 1915(e), to *sua sponte* dismiss Parks's appeal for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We review a district court's *sua sponte* dismissal under § 1915(e) *de novo*. *See Giano v. Goord*, 250 F.3d 146, 149–50 (2d

of New York, sitting by designation.

Cir.2001). We "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152 (2d Cir.2002). Our *de novo* review of the record and case law reveals no error in the district court's *sua sponte* dismissal order as to the remaining defendants. Although the district court failed to articulate the basis for its reliance on matters outside the pleadings, it is plain that the dispositions of both Parks's and Martin's cases were matters of public record and it is "well established that a district court may rely on matters of public record in deciding a motion to dismiss under rule 12(b)(6)[.]" *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 75 (2d Cir.1998); *see also Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir.2004) (courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss").

We therefore AFFIRM the district court's judgment.