09-3819-cv
Lynch v. Trek Bicycle Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of April, two thousand ten.

PRESENT:

BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
*Circuit Judges*.

_____

Jerry Lynch,

_____*Plaintiff-Appellant*,

v.                                                          09-3819-cv

Trek Bicycle Corporation,

*Defendant-Appellee*.

_____

FOR APPELLANT:          THOMAS F. KEANE, Russo, Keane & Toner, LLP, New York, NY

FOR APPELLEE:           WILLIAM P. KELLY, McCarthy & Kelly LLP, New York, NY

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Plaintiff-Appellant Jerry Lynch appeals a December 17, 2008 order of the United States District Court for the Southern District of New York (Batts, *J.*) and an August 11, 2009 order denying Lynch's motion for reconsideration of that decision, which excluded Lynch's expert from testifying at trial and dismissed his case against Defendant-Appellee Trek Bicycle Corporation ("Trek") in its entirety. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

*A.* ***Expert Testimony***

In this New York products liability case, Lynch alleges that due to a manufacturing defect in his Trek bicycle, the front fork of the bicycle snapped while he was riding it, causing injury to his shoulder. On March 3, 2006, Trek moved *in limine* to preclude the testimony and written report of Lynch's proffered expert, John Weir. After a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), in which Weir was examined and cross-examined, the district court granted Trek's motion. Lynch now contends that the district court abused its discretion in excluding the testimony of his expert.

District courts have a "gatekeeping" role under Federal Rule of Evidence 702 and are charged with "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002) (quoting *Daubert*, 509 U.S. at 597); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). The district court must determine "whether the proffered testimony has a sufficiently

reliable foundation to permit it to be considered." *Amorgianos*, 303 F.3d at 265 (internal quotation marks omitted). This inquiry is conducted with reference to Rule 702, and involves considering whether (1) the testimony is grounded on sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

While the "*Daubert* inquiry is fluid and will necessarily vary from case to case," the Supreme Court in *Daubert* identified factors bearing on reliability that district courts may consider: "(1) whether a theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) a technique's known or potential rate of error, and the existence and maintenance of standards controlling the technique's operation, and (4) whether a particular technique or theory has gained general acceptance in the relevant scientific community." *Amorgianos*, 303 F.3d at 266 (internal quotation marks omitted and citations omitted). However, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Id.* (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

"We review a district court's determination to admit or exclude expert testimony under *Daubert* for abuse of discretion," and we find such abuse only if the court's decision was "manifestly erroneous." *Amorgianos*, 303 F.3d at 264-65. Moreover, "the abuse of discretion standard applies as much to the trial court's decisions about *how to determine reliability* as to its ultimate conclusion." *Id.* at 265 (internal quotation marks omitted). "Thus, in analyzing the admissibility of expert evidence, the district court has broad discretion in determining what method is appropriate for evaluating reliability under the circumstances of each case." *Id.*

Here, the district court did not abuse its discretion in excluding Weir's testimony. First, we agree with the district court that Weir lacks the qualifications to testify as to whether the purported defect—a "wrinkle" in the bicycle's left fork—caused Lynch's injury. While Weir testified that he has some experience working with carbon composite materials, he admitted that his area of expertise is primarily in coatings related to the manufacture and design of aircraft. Importantly, moreover, Weir repeatedly declined to offer any quantitative or scientifically-based testimony regarding his theory of how both forks failed. Instead, without performing any testing, Weir testified to how the failure "could have happened," to his untested "conjecture," and to how certain testing "might" be conducted. This is in marked contrast to the plaintiff's expert in *Derienzo v. Trek Bicycle Corp.*, 376 F. Supp. 2d 537 (S.D.N.Y 2005), a case on which Lynch substantially relies, where the district court explained that the plaintiff's expert was eminently qualified in the field of metallurgy and materials science, conducted extensive testing of the bicycle at issue, and concluded "with a reasonable degree of scientific certainty" as to his theory of the cause of the failure. *Id.* at 556. Here, by contrast, the district court was not required to accept Weir's testimony regarding his speculative and untested theories regarding the cause of Lynch's accident. *See Brooks v. Outboard Marine Corp.*, 234 F.3d 89, 92 (2d Cir. 2000) ("The failure to test a theory of causation can justify a trial court's exclusion of the expert's testimony."). Given the Rule 702 factors and the *Daubert* factors bearing on reliability, the district court did not abuse its discretion in excluding Weir's testimony.

**B.      *Grant of Judgment as a Matter of Law***

After excluding Lynch's expert, the district court *sua sponte* determined that Trek was entitled to judgment as a matter of law and dismissed Lynch's case. We review a district court's decision to grant judgment as a matter of law *de novo*. *Miller v. Wolpoff & Abramson, L.L.P.*, 321

4

F.3d 292, 300 (2d Cir. 2003). While "a district court's independent raising and granting of summary judgment in favor of the nonmoving party is an accepted method of expediting litigation," *Ramsey v. Coughlin*, 94 F.3d 71, 74 (2d Cir. 1996) (internal quotation marks omitted), we conclude that, in the circumstances of this case, the district court should have afforded the parties a fuller opportunity to present their respective positions. *See id.* (explaining that, before entering *sua sponte* summary judgment, the district court must take care "to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law"). Lynch argues that, even without expert testimony, he possesses competent evidence entitling him to a jury trial—specifically, his own testimony about how the bicycle broke and how the accident occurred. *See, e.g.*, *Jarvis v. Ford Motor Co.,* 283 F.3d 33, 46-47 (2d Cir. 2002). Accordingly, we vacate this part of the court's order. On remand, the district court may elect to permit the parties to submit dispositive motions and, after consideration of these papers, the district court may well determine that the case is appropriate for summary judgment disposition. *See, e.g.*, *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 50 (2d Cir. 2004) (affirming grant of summary judgment when, after appellant's expert was excluded, court determined appellant would be unable to meet his burden of proof).

We have considered the remainder of Lynch's arguments and determined them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk