**Anthony HALE, Plaintiff,**

v.

**Frank WOOD, et al., Defendants.**

**Civil No. 4–96–177.**

United States District Court,
D. Minnesota,
Fourth Division.

Oct. 31, 1996.

Anthony Hale, Stillwater, MN, pro se.

Walter Karl Hansen, MN Atty. General, St. Paul, MN, for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on Anthony Hale's "objections to court's order or clerk's letter requesting that a new in forma pauperis form be submitted to appeal an ongoing civil matter." Pursuant to 28 U.S.C. § 636(b)(1)(B), the magistrate judge was designated to conduct hearings and submit proposed findings of fact and recommendations of law on any dispositive motions (including motions to dismiss or for summary judgment). Plaintiff objected to the appointment of a magistrate judge and, citing 28 U.S.C. § 636(c), argued that he did not consent to such a designation. By order dated September 3, 1996, Magistrate Judge Jonathan Lebedoff denied plaintiff's "Objection to the Appointment of United States Magistrate Judge" and correctly stated that consent of the parties is not required under 28 U.S.C. § 636(b). The plaintiff did not file objections to the magistrate judge's order. *See* D.Minn. LR 72.1. Rather, the plaintiff filed a notice of appeal to the United States Court of Appeals for the Eighth Circuit, citing Federal Rule of Appellate Procedure 4(a)(1).

Upon receiving certified copies of Hale's Notice of Appeal, the Clerk of Court's office for the Eighth Circuit Court of Appeals informed the plaintiff by letter dated October 1, 1996, that his case could not be docketed and processed because Hale had not paid the filing fees or complied with 28 U.S.C. § 1915(b). *See* Prison Litigation Reform Act, Title VIII of Pub.L. 104–134, 110 Stat. 1321 (amending 28 U.S.C. § 1915 on April 26, 1996). Hale claims that he is not required to comply with the amended statute because the new law "became effective" on April 26, 1996.

Hale misstates the law. The statute was amended as of April 26, 1996, but the amendments to the statute did not specify an effec-

tive date. In furtherance of his argument that the amendments are not applicable to his situation, Hale argues that since he was granted in forma pauperis ("IFP") status in the district court prior to April 26, 1996, he is not required to comply with the more recent statutory provisions. Hale submitted his Notice of Appeal to the Appeals Court on September 18, 1996.

Title 28, United States Code, section 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." Under the former law, since Hale's application to proceed in forma pauperis in the district court was granted, such status would automatically continue on appeal absent a certification from the district court that the appeal is improper. The amendments to the statute do not provide for such an automatic continuation of IFP status when a prisoner has filed an appeal in forma pauperis. *See* 28 U.S.C. § 1915(b)(1) (stating that when a prisoner files an appeal in forma pauperis, the court "shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee...."). The court disagrees with the plaintiff's argument that the amended statute does not apply to his situation.

The Eighth Circuit Court of Appeals has not addressed this issue, thus this court has looked to other appellate courts for guidance. As the Seventh Circuit has explained, the dispositive events under the amended statute are the "bringing" of a civil action and the "filing" of an appeal. *Thurman v. Gramley,* 97 F.3d 185 (7th Cir.1996) (consolidating for decision five cases that presented questions under the Prison Litigation Reform Act and resolving issues encountered by the court in its application of the Act). In *Brown v. Feldkamp,* 97 F.3d 185 (7th Cir.1996) one of the consolidated cases, a federal prisoner, bringing a Bivens action, filed a notice of appeal after April 26, 1996. The court held that the fee-assessment provisions of the PLRA applied, notwithstanding the prisoner's previously granted IFP status. Such status did not affect the prisoner's obligations to pay fees or to comply with the amended statute. *Id.; Covino v. Reopel,* 89 F.3d 105 (2d Cir.1996) (applying amendments retroactively to notice of appeal filed prior to April 26, 1996, and concluding that even though IFP status was granted to proceed in the district court and such status continues on appeal unless revoked, prisoner was required to comply with the amended statute). Similarly, Hale's notice of appeal was filed after April 26, 1996. This court concludes that Hale must comply with the amended statute.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's objections are denied.