104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Pascual RODRIGUEZ, Plaintiff-Appellant,
v.
Charles J. HYNES, District Attorney of Kings County; Onel
Alfaro, Esq., Defendants-Appellees.
 No. 96-2170.
 United States Court of Appeals, Second Circuit.
 Dec. 12, 1996.
 
 1
 Appearing for Appellant: Pascual Rodriguez, pro se, Staten Island, New York.
 
 
 2
 Appearing for Appellee Charles J. Hynes: Linda H. Young, Assistant Corporation Counsel, City of New York, New York, New York.
 
 
 3
 Appearing for Appellee Onel Alfaro: Onel Alfaro, Brooklyn, New York.
 
 
 4
 Present: WINTER, WALKER, JR., Circuit Judges, WEXLER, District Judge.*
 
 
 5
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was submitted.
 
 
 6
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 7
 Pascual Rodriguez, pro se, in forma pauperis, and incarcerated, appeals from Judge Sifton's order that, inter alia, granted summary judgment dismissing Alfaro's complaint brought pursuant to 42 U.S.C. § 1983.
 
 
 8
 Rodriguez had pleaded guilty to one count of attempted rape in the first degree of his ten-year old niece in return for the dropping of the other counts in his indictment. In the present action, Rodriguez alleged a violation of his right to due process through ineffective assistance of counsel and a knowing prosecution under a defective indictment.
 
 
 9
 As an initial matter, we hold that the fee provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 § 801 (1996), do not apply to the present appeal. Rodriguez filed his notice of appeal prior to the enactment of the PLRA. In Covino v. Reopel, 89 F.3d 105 (2d Cir.1996), we held that the PLRA fee provisions apply to a litigant who filed a notice to proceed on appeal in forma pauperis before the PLRA's effective date, even though the litigant had been granted in forma pauperis status in the district court. Id. at 108-09. However, in Duamutef v. O'Keefe, 98 F.3d 22 (2d Cir.1996), we held that the PLRA did not apply to an appeal in which the notice of appeal had been filed before the enactment of the PLRA and both parties had filed their briefs before the Covino decision. Id. at 24. In contrast to the appellee in Duamutef, the appellees here filed their papers after the Covino decision. Nevertheless, their papers have been filed, and neither appellee discusses the PLRA fee provisions. Thus, as in Duamutef, we believe that "requiring [compliance] with the PLRA fee provisions at this point would not further the congressional purposes of reducing the state's burden of defending frivolous actions. Nor would it have any effect on deterring future frivolous litigation." Duamutef, 98 F.3d at 24. We therefore reach the merits.
 
 
 10
 Rodriguez argues that the district court erred by:
 
 
 11
 (1) considering an untimely summary judgment motion without notifying him; (2) denying his pending motions as moot when it granted summary judgment against him; (3) reassigning his case to Magistrate Judge Pollak; (4) not sanctioning the appellees for failing to follow court orders; (5) failing to consider all of his allegations concerning his defense counsel's ineffectiveness; and (6) granting a motion for judgment on the pleadings against him. We disagree.
 
 
 12
 First, the district court did not abuse its discretion in granting Alfaro's summary judgment motion without providing Rodriguez with notice that it would consider the motion. Although the district court did not specifically grant Alfaro an extension of time, in response to a letter from Rodriguez the district court did inform Rodriguez that Alfaro's motion was under advisement. In any event, as discussed infra, the district court could have granted Alfaro's motion to dismiss for failure to state a claim without further notice, and Rodriguez was not entitled to prevail on his summary judgment motion. See Fed.R.Civ.P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.") (emphasis added).
 
 
 13
 Rodriguez's arguments that it was error to reassign his case to Magistrate Judge Pollak and to deny his objection as moot are without merit because Rodriguez fails to show how the reassignment prejudiced him.
 
 
 14
 Rodriguez's argument that the district court failed to sanction Alfaro is also without merit. The entry of a default, which Rodriguez argues was mandatory, is within the discretion of the district court, and no party has a right to a default judgment. See Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1307-08 (2d Cir.1991). We also note that it is preferable that actions be decided on the merits rather than on technical defects. See, e.g. Marfia v. T.C. Ziraat Bankasi, Nos. 95-9064, 95-9066, 1424, 95-9142, 1425, 1996 WL 625608, at * 5 (2d Cir. Oct. 30, 1996); Cody v. Mello, 59 F.3d 13, 15 (2d Cir.1995). The district court did not, therefore, abuse its discretion by failing to sanction Alfaro, because the claimed default involved less than a month and, for reasons to which we now turn, Rodriguez's complaint utterly lacked merit.
 
 
 15
 As for Rodriguez's claims against Alfaro, a plaintiff must allege that a defendant was a state actor in order to state a claim under Section 1983. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). However, it is clear that a retained counsel is not a state actor. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). Thus, the district court properly granted Alfaro's summary judgment motion and could have dismissed the complaint as to Alfaro for failure to state a claim.
 
 
 16
 With regard to Hynes, a prosecutor is absolutely immune from claims for damages based on acts performed during the judicial phase of a criminal proceeding. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Day v. Morgenthau, 909 F.2d 75, 77-78 (2d Cir.1990). Both the filing of an indictment and the taking of a plea are clearly within the judicial phase of a criminal proceeding. See Barr v. Abrams, 810 F.2d 358, 362 (2d Cir.1987) (prosecutors immune in filing a criminal complaint); Taylor v. Kavanagh, 640 F.2d 450, 453 (2d Cir.1981) (prosecutor's plea bargaining activities are protected by absolute immunity). Thus, the district court properly granted Hynes's motion for judgment on the pleadings.
 
 
 17
 Rodriguez's motions for sanctions, contempt, and default in this court are denied because they lack merit. In contrast to the sanction of possible dismissal for failure of an appellant to file an appellate brief, Rule 31(c), Fed. R.App. P., specifically provides that the consequence of an appellee's failure to file a brief is that "the appellee will not be heard at oral argument except by permission of the court." Indeed, there is no provision for a default judgment on appeal.
 
 
 18
 We therefore affirm.
 
 
 
 *
 The Honorable Leonard D. Wexler of the United States District Court for the Eastern District of New York, sitting by designation