**REVISED**

United States Court of Appeals,

Fifth Circuit.

No. 96-30020.

Glenn Charles AYO, Plaintiff-Appellant,

v.

Forest BATHEY, Warden; Ralph Carrers; Lt. Levits; Sgt. Hebert; Scott Bowles; Mark Owens, Corp.; Dep. Flattman; Dep. Repath; Archie Kaufman, Sgt.; Corp Vado; Dep. Vansicle; and John Lane, Defendants-Appellees.

Feb. 10, 1997.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY, JONES and WIENER, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Glenn Charles Ayo, a Florida prisoner, appeals the district court's dismissal of his civil rights suit against numerous officials of St. Bernard Parish. Concluding that the Prison Litigation Reform Act's (PLRA) amended requirements for *in forma pauperis* (IFP) certification apply to cases pending on the effective date of the PLRA and that Ayo failed to comply with the PLRA, we revoke his previously obtained IFP status, and we shall dismiss his appeal for lack of prosecution unless, within thirty days, he refiles for IFP certification and submits the documentation required by the PLRA. If he refiles timely and properly, we shall assess and collect the full filing fee, subject to the PLRA's installment provisions.

I.

FACTS AND PROCEEDINGS

Ayo brought a civil rights action in district court against numerous St. Bernard Parish officials, asserting various constitutional violations in the conditions of his confinement in the St. Bernard Parish Prison. At that time, the district court denied his motion to proceed IFP. The magistrate judge tried the case over the telephone and recommended that Ayo's complaint be dismissed with prejudice. The district court adopted the magistrate judge's report and entered judgment for the defendants. Ayo timely appealed the district court's order, and the district court granted his motion to proceed IFP on appeal. We decline to reach the merits of Ayo's appeal, however, as he has not complied with the PLRA's amended procedure for IFP certification.

## II.

## ANALYSIS

On April 26, 1996, the President signed the PLRA,[1] which changed the requirements for proceeding IFP in federal courts. Specifically, § 1915(a)(2) requires a prisoner seeking to bring or appeal a civil action IFP to file an affidavit listing his assets and to submit a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint or notice of appeal. Additionally, § 1915(b) requires "a prisoner [who] brings a civil action or who files an appeal in forma pauperis" to pay the full amount of the filing fee, which may be collected in installments as provided in this section.

In our recent decision in *Strickland v. Rankin County*

---

[1] Pub.L. No. 104-134, 110 Stat. 1321 (1996).

*Correctional Facility*,[2] we explicitly held that "prisoners whose appeals were pending on the effective date of the PLRA must refile to this court in conformity with the amended statute before we consider their appeals on the merits."[3] Applying the two-part test recently enunciated in the Supreme Court decision of *Landgraf v. USI Film Products*,[4] we carefully analyzed whether PLRA §§ 1915(a)(2) and (b)(1) should apply to cases pending on the effective date of the PLRA. Under *Landgraf*'s first step, we recognized that Congress specified no effective date for the PLRA; therefore, it became effective on the day it was signed—April 26, 1996.[5] We then addressed whether application of either section would trigger any of the concerns enumerated in the second step of the *Landgraf* test, i.e., whether application of these sections to cases pending on the PLRA's effective date would (1) impair rights a party possessed when he acted, (2) increase a party's liability for past conduct, or (3) impose new duties with respect to transactions already completed.[6]

We concluded that application of the filing requirements of § 1915(a)(2) would not implicate any *Landgraf* concerns as "the form of a filing requirement is procedural in the strictest sense,"[7] and

---

[2]1997 WL 35406, --- F.3d ---- (5th Cir., January 30, 1997).

[3]*Strickland* at *2, at ----.

[4]511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

[5]*Strickland* at *1, at ---- (citing *Adepegba v. Hammons,* 103 F.3d 383, 385-86 (5th Cir.1996)).

[6]*Strickland* at *1, at ---- (quoting *Landgraf v. USI Film Products,* 511 U.S. 244, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994)).

[7]*Strickland* at *2, at ----.

"this change in form ... does not affect the substance of the underlying appeal or any independent substantive rights."[8] Neither would application of § 1915(b)(1)'s fee assessment raise any *Landgraf* concerns, as the fee is not assessed until the prisoner first evaluates his claims and decides that the merits of his appeal justify paying appellate fees, and then refiles for IFP certification if he desires to proceed.[9]

As *Strickland* obviously governs the instant case, we adopt in full its holdings and reasoning and apply them to the case at hand. The filing dates reveal that Ayo's appeal was pending on the effective date of the PLRA. Ayo filed his notice of appeal, was granted IFP status for purposes of appeal, and submitted his original and supplemental briefs to this court, all before the effective date of the PLRA. Thus *Strickland* requires application of the PLRA's IFP certification procedure to Ayo's pending appeal.[10]

The instant case is only slightly distinguishable from *Strickland.* There the prisoner obtained IFP status at the district court level and "carried it over" to her appeal; in contrast, Ayo acquired his IFP status by order of the district court, but for the first time for purposes of his appeal. Yet this distinction makes no difference, as *Strickland* makes clear that application of § 1915(a)(2) revokes a prisoner's previously obtained IFP status

---

[8]*Id.* (citations omitted).

[9]*Id.* at *4, at ----.

[10]Although the district court granted Ayo IFP status for appeal based on the financial information he submitted, that information does not fulfill the requirements of § 1915(a)(2).

until it is reacquired in compliance with the PLRA.[11]  Thus the PLRA's IFP certification requirements apply alike to prisoners who filed a motion to proceed IFP on appeal prior to the effective date of the PLRA and to those who acquired IFP status in the district court and carried it over to the appeal before the effective date of the PLRA.

Neither is the instant case significantly distinguishable from *Strickland* simply because Ayo had fully briefed his appeal before the effective date of the PLRA.  We note that the Second Circuit has refused to apply the PLRA to cases that are pending and fully briefed on the effective date of the PLRA out of its concern for parties who had briefed appeals but would not pursue them if required to pay.[12]  We concluded in *Strickland,* however, that the *Landgraf* concerns alluded to by the Second Circuit are not material.[13]  Consequently, we hold that the subject PLRA provisions apply to cases pending on the effective date of the PLRA, whether fully briefed or not.

### III.

### CONCLUSION

For the foregoing reasons, we hold that (1) the PLRA's amended IFP certification requirements apply to this case and to all cases pending on its effective date, whether fully briefed or not, and

---

[11]*Strickland* at *3, at ---- (citing *Jackson v. Stinnett,* 102 F.3d 132, 136 (5th Cir.1996)).

[12]*See Covino v. Reopel,* 89 F.3d 105, 108 (2d Cir.1996); *Duamutef v. O'Keefe,* 98 F.3d 22, 24 (2d Cir.1996);  *Ramsey v. Coughlin,* 94 F.3d 71, 73 (2d Cir.1996).

[13]*Strickland* at *4 n. 2, at ---- n. 2.

(2) application of the PLRA revokes a prisoner's previously obtained IFP status, whether granted in a motion to proceed IFP on appeal prior to the effective date of the PLRA or granted in the district court and carried over to the appeal before the effective date of the PLRA.  Accordingly, we shall dismiss Ayo's appeal in thirty days unless within that time he refiles for IFP certification in conformity with the PLRA.  If Ayo refiles timely and properly and submits the required documentation, we shall assess and collect the filing fee in full, subject to the installment provisions of § 1915(b).  If not, his appeal shall be dismissed for lack of prosecution, pursuant to Fifth Circuit Rule 42.3.