104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jabbar RAHMAN, Plaintiff-Appellant,
v.
CORRECTION OFFICER PHILLIP, 8816# , Correction Officer Tom,
7337# , Correction Officer Santana, Correction Officer
Hayeswood, Correction Officer Counsel, Capt. Hayes, Capt.
Moran, 937# , Capt. Shipman, Capt. of Security, Correction
Officer Rick, Correction Officer Day, Correction Officer
Green, Correction Officer Lemon, Sanchez, C.O., Valentine,
C.O., Abruzzese, C.O., Batiste, C.O., C.O. Bussey,
Carabello, C.O., and Muhammad Alika, Imam, Defendants,
C.O. PHILLIP 8816# , C.O. Tom 7337# , Capt. Valentine, C.O.
Rick, C.O. Day, C.O. Lemon, Defendants-Appellees.
 No. 96-2321.
 United States Court of Appeals, Second Circuit.
 Dec. 19, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Sidney H. Stein, Judge).
 APPEARING FOR APPELLANT: On Submission.
 APPEARING FOR APPELLEES: On Submission.
 S.D.N.Y.
 AFFIRMED.
 Before OAKES, ALTIMARI, and PARKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was on submission by the appellant and appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.
 
 
 3
 Jabbar Rahman appeals from an order of the district court granting summary judgment on Rahman's civil rights claims. Rahman sued various employees of the James A. Thomas Center on Riker's Island under 42 U.S.C. § 1983, alleging that the defendants used excessive force in two incidents occurring on April 21 and May 4, 1991. Rahman sought injunctive relief and monetary damages. The claims arising out of the May 4 incident were disposed of in the district court by a stipulation and order of settlement. Rahman's appeal concerns only those claims disposed of by the district court's order granting summary judgment.
 
 
 4
 The district court correctly concluded based on Rahman's own deposition testimony that Rahman could not establish that any of the defendants alleged to have used excessive force against him in fact did so, under the standard set forth in Johnson v. Glick, 481 F.2d 1028 (2d Cir.). As to the defendants who were allegedly present at the incidents but who did not themselves use force against Rahman, the district court correctly concluded that they did not have a constitutional obligation to intervene under Anderson v. Branen, 17 F.3d 552 (2d Cir.1994), because here no excessive force was used. As for defendant Alika, Rahman did not allege any unconstitutional conduct on Alika's part. The same is true with respect to the other defendants against whom Rahman made no allegations whatsoever concerning their involvement in the incidents alleged in the complaint.
 
 
 5
 Rahman's subsequent religious freedom claim, allegedly based upon the April 21 incident, was vague and conclusory and, thus, summary judgment was appropriate as to this claim as well.
 
 
 6
 Officer Tom was the only defendant alleged to have been involved in the April 21 incident who did not move for summary judgment. The district court order did not explicitly dispose of Rahman's claims against him. However, in the course of determining the liability of the other defendants, the district court correctly concluded that Officer Tom did not violate Rahman's constitutional rights. In light of the fact that Rahman's own deposition testimony supports this conclusion, the district court should have granted summary judgment to Officer Tom. See, e.g., Ramsey v. Coughlin, 94 F.3d 71 (2d Cir.1996) (summary judgment is appropriate for a non-movant if no factual dispute exists and the non-movant is entitled to summary judgment as a matter of law). Because the findings of the district court as to Officer Tom were correct, the summary judgment order will be construed as disposing of Rahman's claims against Officer Tom and will be affirmed on that basis.
 
 
 7
 We affirm the judgment of the district court.