**Nicholas MARES, Maria Mares, Adrian Mares, et al., Plaintiffs–Appellants,**

v.

**Fred J. BUSBY, Jay Hackler, Joseph Hodder, et al., Defendants– Appellees.**

No. 93–3584.

United States Court of Appeals, Seventh Circuit.

Argued June 6, 1994.

Decided Sept. 7, 1994.

**534**

Sam J. Filippo, West Chicago, IL (argued), for plaintiffs-appellants.

Mary Ellen Coghlan, Asst. Atty. Gen., Brian F. Barov (argued), Office of Atty. Gen., Criminal Appeals Div., Chicago, IL, for defendants-appellees.

Before ENGEL,* BAUER and CUDAHY, Circuit Judges.

---

BAUER, Circuit Judge.

The plaintiffs in this case brought this suit against the defendants, all current or former Illinois State Police Officers, seeking damages under 42 U.S.C. § 1983 for claimed civil rights violations. They stated that on January 19, 1990, the defendants in this case, along with other Illinois State Police Officers, conducted an illegal search and seizure of the plaintiffs and their property and used excessive force against the plaintiffs. In a prior case, *Mares v. Caho*, No. 91 C 3092, the plaintiffs (along with one other not a party to this suit) specifically named in their complaint several officers as well as "John Does" and "Jane Doe." The plaintiffs failed to identify the defendants in this case or properly serve them within 120 days of filing the suit as required by Fed.R.Civ.P. 4(j) (now Rule 4(m)). With respect to the unnamed defendants, the district judge dismissed the case pursuant to Rule 4(j). The plaintiffs settled their claims with the remaining defendants and dismissed the remainder of the case voluntarily.

Which brings us to this case. The plaintiffs revived their claim against the defendants by filing this complaint on December 23, 1992. The calendar and calculator demonstrate that the plaintiffs failed to comply with the two-year statute of limitations. They claimed, however, that an Illinois savings statute permitted their action to proceed. That statute, 735 ILCS 5/13–217 (1992), permits an action that had been dismissed for want of prosecution (among other things) to be refiled within one year after dismissal even if the statute of limitations had run. The plaintiffs argued that section 13–217 applies because the cause for dismissal in their first action, failure to timely serve pursuant to Rule 4(j), equates to want of prosecution under the statute.

The district court disagreed and granted the defendants' motion to dismiss for failure to state a claim. The district court's order was entered on the civil docket sheet on June 22, 1993. The plaintiffs moved the district court to reconsider its order on July 7, 1993,

* The Honorable Albert J. Engel, Judge of the United States Court of Appeals for the Sixth Circuit, is sitting by designation.

but did not serve the defendants until July 28, 1993. In the plaintiffs' motion to reconsider, they argued only that the district court had incorrectly stated that the unnamed defendants in the prior case had never been served. In support of their argument, the plaintiffs included documentation that they had attempted to serve the defendants[, but] long after the 120 day deadline had passed. In a minute order that was entered on the civil docket sheet on September 17, 1993, the district court denied the plaintiffs' motion to reconsider "for the reasons set forth in the court's memorandum and order of June 21, 1993." The plaintiffs appealed the district court's order denying their motion to reconsider on October 15, 1993.

The plaintiffs attempt to argue to this court the merits of the district court's order granting the officers' motion to dismiss. We believe, however, that because of the timing of the plaintiffs' motion for reconsideration and their notice of appeal, this issue is not before this court. This determination turns upon the basis for which the plaintiffs moved the district court to reconsider.

■■■ Though the plaintiffs did not file their motion to reconsider pursuant to any one of the Federal Rules of Civil Procedure, "the fact that it challenges the merits of the district court's decision means that it must fall under Rule 59(e) or Rule 60(b)...." *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir.1993) (citation omitted). In *Deutsch,* we adopted the following rule formulated by the Fifth Circuit: "Under which rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990)). In this case, while the plaintiffs filed their motion on July 7, 1993, it was not served until July 28, 1993. Their motion, therefore, must be considered a motion for relief from judgment or order pursuant to Rule 60(b).

■■■ This determination of the applicable rule dictates what issue the plaintiffs' appeal presents to this court. A motion pursuant to Rule 59(e) tolls the time for appeal under Rule 4(a)(4) of the Federal Rules of Appellate Procedure; a Rule 60(b) motion does not. *See Deutsch,* 981 F.2d at 302 n. 4. By filing their notice of appeal long after the thirty day deadline required to appeal the entry of judgment on the merits, the plaintiffs failed to toll the time for appeal with their motion for reconsideration. We are not able to review, therefore, the district court's order dismissing the plaintiffs' claim. The plaintiffs' appeal presents the sole question of whether the district court erred in denying their motion for reconsideration. *See Browder v. Director, Illinois Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978).

We must decide next which section of Rule 60(b) the plaintiffs attempted to invoke in their motion. The only ground upon which the plaintiffs based their motion was a dispute with the district court's statement that they had never served the unnamed defendants in the first case. In addition to being irrelevant to the district court's decision as to whether the Illinois savings statute applies to their current case, this argument does not fit into any of the specific categories articulated in Rule 60(b). If generously viewed, Rule 60(b)(2), permitting relief due to newly discovered evidence, may apply. But clearly, this is not newly discovered evidence; the plaintiffs knew this information all along. We are left, then, to consider the plaintiffs' motion to reconsider under Rule 60(b)(6) permitting relief for "any other reason justifying relief from the operation of the judgment."

■■■ "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Dickerson v. Board of Educ.,* 32 F.3d 1114 (7th Cir.1994). We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. *Lee v. Village of River Forest,* 936 F.2d 976, 979 (7th Cir.1991). A district court will have abused its discretion only in situations in which no reasonable person could agree with the district court. *Id.* (citing *McKnight v. United States Steel Company,* 726 F.2d 333, 335 (7th Cir.1984)).

■ The only way we can view the plaintiffs' argument in its motion to reconsider is that the district court was dead wrong in holding that the Illinois savings statute does not operate to save its claim from the statute of limitations. We cannot say that no reasonable person could agree with the district court because there is ample support for the district court's position in Illinois case law.

■ First, the Illinois savings statute applies to only four situations:

> 1) if judgment is entered for the plaintiff, but reversed on appeal, or 2) if there is a verdict in favor of the plaintiff and, upon motion in arrest of judgment, the judgment is entered against the plaintiff, or 3) the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or 4) if the action is dismissed by a United States District Court for lack of jurisdiction.

735 ILCS 5/13–217. These situations are interpreted narrowly. *DeClerck v. Simpson,* 143 Ill.2d 489, 160 Ill.Dec. 442, 445, 577 N.E.2d 767, 770 (Ill.1991); *Keiholz v. Chicago & North Western Ry., Co.,* 59 Ill.2d 34, 319 N.E.2d 46, 48 (1974). Since dismissal for failure to properly serve is not among the four, one might conclude that this statute does not apply to such a case. In addition, decisions by the Illinois courts indicate that failure to properly serve pursuant to the Illinois rule regarding service of process is not covered by section 13–217. *See, e.g., Catlett v. Novak,* 116 Ill.2d 63, 106 Ill.Dec. 786, 506 N.E.2d 586 (1987). This brief recitation of applicable Illinois precedent is not meant as an expression of our opinion with respect to the merits of the plaintiffs' underlying cause of action; it simply demonstrates that plenty of reasonable people could agree with the decision reached by the district court.

To recapitulate, given the timing of the plaintiffs' motion for reconsideration and notice of appeal, the sole issue before us is whether the district court abused its discretion when it denied the plaintiffs' motion for reconsideration. We hold that the district court did not abuse its discretion, and the order is

AFFIRMED.