# UNITED STATES COURT OF APPEALS
<u>Filed 7/29/96</u>TENTH CIRCUIT

RONNIE LEE SMITH,

      Petitioner-Appellant,

v.

R. MICHAEL CODY,

      Respondent-Appellee.

Case No. 95-6418

(D.C. 94-1018-R)
(Western District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Pro se petitioner Ronnie L. Smith appeals the denial of his Petition for Nunc Pro Tunc Order, which we construe as a motion for relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure. <u>See</u> <u>Mares v. Busby</u>, 34 F.3d 533, 535 (7th Cir. 1994). Mr. Smith filed the motion about eight months after the district court denied his petition for a writ of habeas corpus. We review the denial of a motion under Rule 60(b) for an abuse of discretion. <u>Cox v. Sandia Corp.</u>, 941 F.2d 1124, 1125 (10th Cir. 1991).

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Finding no such abuse of discretion, we affirm.[1]

## DISCUSSION

After Mr. Smith filed his habeas petition, the assigned magistrate judge on November 17, 1994, entered a Report and Recommendation, which thoroughly discussed Mr. Smith's arguments and recommended denial of the petition. The Report and Recommendation also notified both parties of their right to object to it and that failure to make a timely objection would waive their right to appellate review of both factual and legal determinations.

Mr. Smith filed no objection, and the district court adopted the Report and Recommendation on December 15, 1994. On August 25, 1995, Mr. Smith filed a Petition for Nunc Pro Tunc Order, arguing that he had objected to the magistrate judge's report. On appeal, he both reiterates that argument and argues in the alternative that inadequate prison law library assistance excused his failure to file a timely objection to the magistrate's report.

As stated above, we construe this pleading as a Rule 60(b) motion for relief from a judgment and review its denial for an abuse of discretion. As the district court pointed out, Mr. Smith's "objection" was in effect a reply to the state's response brief and did not

---

[1] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

2

state any objection to the magistrate's report; further, the court correctly pointed out that the "objection" was filed prior to the entry of the magistrate's Report and Recommendation.

A liberal construction of Mr. Smith's pro se argument, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that "[a] pro se litigant's pleadings are to be construed liberally"), is that the alleged inadequacy of legal assistance constitutes "excusable neglect" under Rule 60(b)(1), see Fed. R. Civ. P. 60(b)(1). However, although Mr. Smith had previously alluded to this problem in his "objection" to the state's response, he did not submit this excuse to the district court in his Petition for Nunc Pro Tunc Order. Furthermore, even if this argument had been properly raised, Mr. Smith has not "demonstrate[d] that the alleged shortcomings in the . . . legal assistance program hindered his efforts to pursue a legal claim." See Lewis v. Casey, 64 U.S.L.W. 4587, 4589 (U.S. June 25, 1996) (requiring that an inmate make such a showing to establish a constitutional violation). The district court therefore properly exercised its discretion in denying the petition. See Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990); 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2858, at 280 (2d ed. 1995) (explaining that "[i]gnorance of the rules is not enough" to constitute excusable neglect under Rule 60(b)(1)).

The district court's denial of the Petition for Nunc Pro Tunc Order is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge