97 F.3d 1454
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Soukanya T. KEOMANY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3127.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 17, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 On October 13, 1992, Soukanya pleaded guilty to transporting stolen goods in interstate commerce, 18 U.S.C. § 2314, and being a felon in possession of a firearm. 18 U.S.C. § 922(g). Both offenses occurred on November 29, 1991. On December 2, 1992, the district court sentenced Soukanya to concurrent sentences of 33 months on each count, as well as restitution, a special assessment and supervised release. Prior to committing the federal offenses, Soukanya committed a burglary in Texas on July 26, 1991. He was sentenced for this offense in Texas state court on February 5, 1992, to five years in prison. Following the federal proceedings, Soukanya was returned to state prison in December 1992.
 
 
 2
 On March 3, 1994, Soukanya finished serving his state sentence and was transferred to federal custody. On November 2, 1994, after the Department of Justice requested a clarification of sentence, the district judge issued an order holding that Soukanya's federal sentence was to run consecutively to his state sentence, so that he would get no credit against his federal sentence for the time he served on the Texas charge. Up to this point, the district court had not addressed this issue. On March 3, 1995, Soukanya made a motion requesting that his federal sentence run concurrently to his state sentence. On March 8, 1995, the district court issued an order denying Soukanya's motion. In its order, the district court stated that it had already made a decision on this issue (on November 2, 1994). On June 12, 1995, Soukanya filed his § 2255 petition. He claimed that his federal sentence should run concurrently to his state sentence. He also claimed that he had been denied effective assistance of counsel because his attorney had failed to request that Soukanya's federal sentence run concurrently to his state sentence. On June 28, 1995, the district judge, who had imposed the original sentence, denied this motion, noting that even if Soukanya's attorney had asked for concurrent sentences, he (the judge) would have denied such a request because he believed that Soukanya was already receiving extremely favorable sentencing treatment even with his federal sentence running consecutively to his state sentence.
 
 
 3
 Following the denial of his § 2255 petition, Soukanya filed a motion for reconsideration in which he reiterated his ineffective assistance of counsel claim and claim for concurrent sentences and added a double jeopardy claim. The basis of his double jeopardy claim was that he was being deported because he had been convicted of a firearms violation, a crime for which he was already being punished by being incarcerated. The district court found that there was no basis for Soukanya's double jeopardy claim and denied the motion. We now affirm the district court's denial of Soukanya's § 2255 petition and his motion for reconsideration.[1]
 
 
 4
 The issue of whether sentences are to run concurrently or consecutively in cases in which the defendant is subject to an undischarged term of imprisonment at the time of sentencing but in which the previous sentence had not been imposed prior to the defendant's commission of the present offense, is addressed in section 5G1.3(b) and (c) of the Sentencing Guidelines. Because the district court sentenced Soukanya in 1992 and clarified its ruling by stating that the sentences were to be consecutive, the version of the Guidelines that apply to Soukanya is that which existed prior to the 1995 amendments. Except in cases in which the prior crime has been fully taken into account in the offense level of the instant offense (which is not the case here), U.S.S.G. § 5G1.3(b) (1994), the pre-1995 version of the guidelines provided the district court with discretion to impose a sentence consecutively or concurrently to an undischarged term of incarceration. U.S.S.G. § 5G1.3(c) (1994); United States v. Smith, 80 F.3d 1188, 1192 (7th Cir.1996).
 
 
 5
 Relief pursuant to § 2255 is not a substitute for direct appeal. Therefore, an issue not raised on direct appeal is not subject to relief under this provision unless the petitioner shows cause for failing to raise the issue on direct appeal and prejudice from such failure, or that the court's refusal to consider his § 2255 petition will result in a fundamental miscarriage of justice. Prewitt v. United States, 83 F.3d 812, 816 (7th Cir.1996). In the present case, Soukanya did not appeal his sentence at all and did not raise the issue of consecutive or concurrent sentences at the sentencing hearing. He argues, however, that his attorney was ineffective for failing to raise the issue at sentencing. Ineffective assistance of counsel can serve as good cause for failure to raise an issue in the direct proceedings. Prewitt, 83 F.3d at 816. Moreover, because the issue of whether the sentence would be consecutive or concurrent did not arise at his sentencing hearing, one could argue that the fact that Soukanya was not presented with this issue was cause for his failure to raise the claim at that time.
 
 
 6
 The problem with Soukanya's claim, however, is that he cannot show sufficient prejudice from not having a court decide his claim that he was entitled to concurrent sentences. Moreover (and this is tied in with the prejudice issue), Soukanya does not really have a basis upon which to seek § 2255 relief on the issue of not receiving concurrent sentences. As mentioned above, the district court had broad discretion to determine whether Soukanya's federal sentence was to run concurrently or consecutively to his state sentence. See U.S.S.G. § 5G1.3(c) (1994). In denying the § 2255 motion, the district judge, who was also the sentencing judge, indicated that he would have imposed consecutive sentences even if the issue had been raised initially. Therefore, Soukanya has not shown that he was prejudiced by his counsel's failure to raise this issue in previous proceedings. See Smith, 80 F.3d at 1192 (holding that the mere possibility as opposed to the certainty of receiving concurrent as opposed to consecutive sentences is not satisfactory prejudice to warrant § 2255 relief). In addition, § 2255 relief is only available if "the district court sentenced [the defendant] in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." Prewitt, 83 F.3d at 816. Given the district court's discretion to impose consecutive as opposed to concurrent sentences, we fail to see how the present sentence could fall within the narrow range of categories for which collateral relief is available. Thus, we conclude that the district court properly denied Soukanya's § 2255 petition.
 
 
 7
 We now address the district court's denial of Soukanya's motion for reconsideration. Soukanya did not state the provision pursuant to which he was moving the district court. It appears that Soukanya filed his motion more than ten days after the district judge's order. Any motion attacking the merits of a district court's decision that is filed more than ten days after the entry of judgment is considered a motion under Federal Rule of Civil Procedure 60. In the present case, however, the record does not demonstrate that a formal judgment was entered following the district judge's order denying Soukanya's § 2255 petition. Nevertheless, Soukanya's motion, which asked the district court to reconsider his petition without giving a reason for that reconsideration, is best characterized as arising under Rule 60 (specifically Rule 60(b), since 60(a) is limited to clerical mistakes, which are not at issue here) and not Rule 59, because Rule 59 discusses relief from a trial and/or a judgment, neither of which occurred in the present case, whereas Rule 60 allows relief from orders as well as from judgments.
 
 
 8
 Rule 60(b) relief is reserved for exceptional circumstances. Mares v. Busby, 34 F.3d 533, 535 (7th Cir.1994). Moreover, we review a denial of a motion for relief under Rule 60(b) for an abuse of discretion and will reverse only if we conclude that "no reasonable person could agree with the district court." Id. Here, far from demonstrating exceptional circumstances, Soukanya gave no reason why the district court should have granted the motion for relief from its initial order and gives no reason in this Court as to why the district court erred in denying the motion. His motion for reconsideration reiterated his initial request for concurrent sentences and claim of ineffective assistance of counsel. The district court found (and we agree) that these claims were forfeited and without merit and Soukanya's motion for rehearing gave no reason as to why this finding was erroneous.
 
 
 9
 In his petition for rehearing, Soukanya also brought up a claim that he did not raise in his original petition, that he was being punished twice for the same offense because in addition to his conviction and incarceration he was subjected to deportation proceedings for his firearms conviction. This is an entirely different theory than Soukanya proceeded on in his initial petition and not a reason as to why the district court should change its initial order. As such, it does not provide a basis for Rule 60 relief.
 
 
 10
 In addition, Soukanya cannot challenge his initial conviction and present incarceration on double jeopardy grounds. Jeopardy attached for those events at the time that Soukanya pleaded guilty, which was prior to the initiation of the deportation action. See Dawson v. United States, 77 F.3d 180, 182 (7th Cir.1996) (noting the general proposition that jeopardy attaches at the time of a guilty plea). Therefore Soukanya's criminal proceedings and incarceration could not have been in violation of the constitutional protection against double jeopardy since at the time of his guilty plea Soukanya had not been subject to a previous proceeding or punishment for the acts charged in his criminal case.
 
 
 11
 As for a claim that the deportation proceeding violated his right not to be subject to double jeopardy, the district court properly did not reach this issue because it would not have jurisdiction over this claim. The exclusive procedure for review of final deportation orders is provided for in 8 U.S.C. § 1105a and 28 U.S.C. §§ 2341 to 2351. 8 U.S.C. § 1105a(a). Accordingly, Soukanya could have filed a petition for review of the deportation order within 90 days after it was issued in the judicial circuit in which he resided at the time or in the judicial circuit covering the area in which the order was issued. 8 U.S.C. § 1105a(a)(2). (As far as we can tell from the record, Soukanya never took advantage of this option and the time for doing so has since passed.) Beyond bringing a petition for review from a deportation order, "an alien held in custody pursuant to an order of deportation may obtain judicial review thereof by a habeas corpus proceeding." 8 U.S.C. § 1105a(a)(9); Bothyo v. Moyer, 772 F.2d 353 (7th Cir.1985). Soukanya, however, is not presently in custody on an order of deportation and therefore we do not have jurisdiction to entertain a petition for habeas corpus challenging the deportation order. See Terrado v. Moyer, 820 F.2d 920, 921 (7th Cir.1987) (per curiam ) (holding that the district court did not have jurisdiction to entertain a petition for habeas corpus from a party who had already been deported and was no longer in custody). Moreover, even if Soukanya were presently in custody pursuant to the deportation order, neither the Eastern District of Wisconsin nor the Seventh Circuit is the proper court to decide his habeas corpus petition. Venue for a petition for review of a deportation order is in either the circuit in which the order was issued or the circuit in which the petitioner resides. 8 U.S.C. § 1105a(a)(2). The final deportation order states that it was rendered in Virginia (which is in the Fourth Circuit) and Soukanya has been residing at the Federal Correctional Institution in Louisiana (which is in the Fifth Circuit). Thus, neither this Court nor the district court has jurisdiction or venue over Soukanya's petition to the extent it challenges his deportation order.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214. Section 440(a) of the Act restricts the ability of an alien who has been convicted of certain crimes to seek judicial review of deportation orders. In the four months that have elapsed since the enactment of this law, the government has not asked us to consider its possible bearing on this appeal, and we consider the issue waived. Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir.1996)