**THOMAS & BETTS CORPORATION**
and Thomas & Betts Holdings,
Inc., Plaintiffs,

v.

**PANDUIT CORPORATION, Defendant.**

No. 94 C 2656.

United States District Court,
N.D. Illinois,
Eastern Division.

May 7, 1997.

Sidney David, Keith E. Gilman, Lerner, David, Littenberg, Krumholz & Mentlik, Westfield, NJ, Marc L. Fogelberg, McBride, Baker & Coles, Chicago, IL, James Hay, Lewis & McKenna, Saddle River, NJ, for plaintiffs.

David C. Hilliard, John Thompson Brown, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

MORTON DENLOW, United States Magistrate Judge.

**I. INTRODUCTION.**

On remand following the Seventh Circuit Court of Appeals decision in *Thomas & Betts Corp. v. Panduit Corp.,* 65 F.3d 654 (7th Cir.1995), this Court entered summary judg-

ment in favor of defendant Panduit Corporation and against plaintiffs Thomas & Betts Corporation and Thomas & Betts Holdings, Inc. ("collectively T & B") in two Memorandum Opinions and Orders dated August 15, 1996 and October 17, 1996. *Thomas & Betts Corp. v. Panduit Corp.*, 935 F.Supp. 1399 and 940 F.Supp. 1337 (N.D.Ill.1996). An appeal has been taken from the two decisions and the final judgment which is currently pending as Appeal No. 96–3914. Oral argument is scheduled before the Court of Appeals on May 29, 1997.

Circuit Rule 57 states:

A party who during the pendency of an appeal has filed a motion under Fed. R.Civ.P. 60(a) or 60(b), Fed.R.Crim.P. 35(b), or any other rule that permits the modification of a final judgment, should request the district court to indicate whether it is inclined to grant the motion. If the district court so indicates, this court will remand the case for the purpose of modifying the judgment. Any party dissatisfied with the judgment as modified must file a fresh notice of appeal.

On April 22, T & B filed a Rule 60(b) Motion for Relief from Final Judgment. The issue was briefed on an expedited basis and oral arguments were held on April 24 and May 2. The Court holds that it has jurisdiction to consider the Rule 60(b) motion during the appeal and *for the reasons set forth below*, denies the motion.

## II. THE COURT HAS JURISDICTION TO CONSIDER PLAINTIFFS' RULE 60(b) MOTION PENDING APPEAL.

■ The first issue before the Court is the question of whether jurisdiction exists to consider this Rule 60(b) motion while an appeal is pending. The answer is yes. In *Brown v. United States*, 976 F.2d 1104, 1110 (7th Cir.1992), the Court of Appeals held:

The district court refused to consider Brown's Rule 60(b) motion, assuming it had no jurisdiction to do so because a notice of appeal had been filed. In fact, the court did have jurisdiction to consider the motion. Parties may file motions under Rule 60(b) in the district court while an appeal is pending. In such circum-

stances we have directed district courts to review such motions promptly, and either deny them or, if the court is inclined to grant relief, to so indicate so that we may order a speedy remand.

The next issue is the standard to be applied in considering a Rule 60(b) motion. Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). T & B seeks relief under Rule 60(b)(2), (3) and (6) which provide:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; * * * (6) any other reason justifying relief from the operation of the judgment.

To obtain relief under Rule 60(b)(2), a party must meet the following prerequisites: (1) the evidence was discovered following trial; (2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new trial would probably produce a new result. *CMC Heartland Partners v. Union Pac. R.R.*, 78 F.3d 285, 293–94 (7th Cir.1996). If a party fails to meet any of these prerequisites, the motion will be denied.

■ To obtain relief under Rule 60(b)(3) a party must prove by clear and convincing evidence that: (1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial. *Provident Savings Bank v. Popovich*, 71 F.3d 696, 699 (7th Cir.1995). With respect to relief under Rule 60(b)(6), the Seventh Circuit has pointed out "In a rule already limited in application to extraordinary circumstances, proper resort to this

'catch all' provision is even more highly circumscribed." *Id.* at 700.

The Court shall therefore consider the merits of T & B's motion.

### III. T & B's RULE 60(b) MOTION FAILS TO ESTABLISH SUFFICIENT GROUNDS FOR RELIEF.

■ The factual basis for T & B's motion is that Panduit is now producing a Dome-Top Barb-Ty which represents a slight modification from the BARB-TY cable tie which Panduit had been producing and which is the subject of this litigation.

T & B raises four arguments in support of its motion. First, T & B requests the Court to reconsider its legal analysis regarding the interplay between the Patent and Trademark Laws which was discussed in the August 15 decision at 935 F.Supp. at 1405–1411. In that decision, this Court held that an expired utility patent which is disclosed as the 'best mode' in the patent cannot be the subject of trademark protection with respect to the invention disclosed to the public. 935 F.Supp. at 1409. The Court further held that a bright line test is important for the public to receive the benefit of its bargain under the patent laws.

The development of the Dome-Top cable tie reaffirms in the Court's mind the importance of a bright line test. As T & B's counsel acknowledged, had Panduit originally introduced the Dome-Top, which also contains an oval head, metal barb and transverse slot as disclosed in the Schwester patent, this litigation would still have been instituted. (Tr. 5/2/97, p. 8). The Court's decision would not have changed one iota on this point because a bright line test encourages competition by discouraging litigation. The Court therefore finds no basis for granting T & B's motion on policy grounds.

T & B's second argument is that the existence of the Dome-Top cable would have changed the Court's conclusion with respect to functionality discussed at 935 F.Supp. at 1410–3. An examination of the Dome-Top laid side by side with the original Barb-Ty reveals no readily ascertainable difference between the two cable ties. (See Ex. 1 to the Affidavit of Gerard S. Driscoll). Both cable ties have an oval shaped head, a metal locking device, and a vertical slot in the head. The Court would therefore have reached the identical conclusion regarding functionality had the Dome-Top cable tie been presented for its consideration. The Dome-Top has the same functional benefit of the oval head which is disclosed in the Schwester Patent. Therefore, T & B's second argument is rejected.

T & B's third and fourth arguments are that the Court's determination regarding secondary meaning (935 F.Supp. at 1413) and likelihood of confusion (935 F.Supp. at 1417) would have been different if it had been aware of the Dome-Top. Because the appearance of these two cable ties is almost identical, the Court's analysis would not have changed in any way.

The Court finds that T & B has simply failed to meet its burden under Rule 60(b) to demonstrate that exceptional circumstances exist to entitle it to relief from judgment.

### IV. CONCLUSION.

The Court has carefully considered Plaintiffs' motion, briefs and oral argument and finds them to be without merit. **For the foregoing reasons, Plaintiffs' Rule 60(b) Motion is denied and the Court reaffirms its prior decisions.**