139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James F. GLASS, Sr., Plaintiff-Appellant,
v.
STATE OF INDIANA, et al., Defendants-Appellees.
 No. 97-2496.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1998*.
Decided Feb. 9, 1998.
 
 Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. IP 96-1543-C-M/S.
 Before Hon. WILLIAM J. BAUER, Hon. JOHN L. COFFEY, Hon. DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 James Glass, Sr., a prisoner incarcerated at the Wabash Valley Correctional Facility in Carlisle, Indiana, filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 against two deputy attorneys general employed by the State of Indiana, alleging that they violated his civil rights by failing to file with the district court certain state court records pertaining to his conviction and any post-conviction challenges to his conviction. The district court dismissed Glass's complaint as barred by Heck v. Humphry, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and then denied Glass's subsequently-filed motion to reconsider. Glass now appeals the district court's dismissal of his complaint, and we affirm.
 
 
 2
 In 1988, Glass was sentenced to a forty-year term of imprisonment for murder, Glass then filed numerous petitions for post-conviction relief, including two state court petitions that were dismissed without prejudice for failure to exhaust state court remedies, and a petition filed in district court in 1992 for a writ of habeas corpus that was denied. In November of 1993, Glass filed another petition in district court for a writ of habeas corpus alleging that he had been wrongfully incarcerated for murder. In December of 1993, the district court ordered the respondent, Glass's custodian, to file an answer to Glass's petition and to "expand the record" by filing the records of prior proceedings. Instead of filing any documents, however, the respondent moved to dismiss the petition for abuse of the writ. The district court granted the motion on grounds that Glass failed to present in a single proceeding all the claims challenging his conviction and sentence. This court affirmed the dismissal in Glass v. Duckworth, No. 94-3035, 1995 WL 447915 (7th Cir. July 25, 1995) (unpublished order), cert. denied, 516 U.S. 1057, 116 S.Ct. 732, 133 L.Ed.2d 683 (1996).
 
 
 3
 Glass then filed the instant § 1983 action, alleging that the defendants' filing of a motion to dismiss for abuse of the writ instead of filing records of prior proceedings violated his constitutional rights because it prevented the court from examining his claim of innocence. On April 29, 1997, the district court dismissed the action as barred under Heck because Glass sought to recover damages stemming from an allegedly unconstitutional conviction without first showing that the conviction had been invalidated. Glass filed a motion to reconsider, but he did not deposit the motion in his prison's internal mail system until May 14, 1997--eleven days (excluding weekends and holidays) after the district court issued its final judgment. Had Glass filed his motion to reconsider one day earlier--that is, within ten business days of the district court's judgment--his motion would have been construed as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). However, because his motion was filed eleven days after the district court's judgment, his motion must be construed as a motion for relief from judgment or order under Rule 60(b). See Mares v. Busby, 34 F.3d 533, 535 (7th Cir.1994) (" 'Under which rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).' ") (citations omitted). The district court, however, miscalculated the timing of the motion and erroneously analyzed it as a Rule 59(e) motion. It then denied the motion on May 27, 1997.
 
 
 4
 In his appeal, Glass contests the bases upon which the district court dismissed his lawsuit. For instance, he claims that the district erred in dismissing his § 1983 claim with prejudice and in failing to find that the defendants "willfully, knowingly, and maliciously obstructed justice" by refusing to file a copy of the state court proceedings. However, a Rule 60(b) motion, unlike a Rule 59(e) motion, does not toll the thirty-day period within which a plaintiff has to appeal a final judgment against him. Mares, 34 F.3d at 535 ("A motion pursuant to Rule 59(e) tolls the time for appeal under Rule 4(a)(4) of the Federal Rules of Appellate Procedure; a Rule 60(b) motion does not."); Fed.R.App.P. 4(a)(4). Glass mailed his notice of appeal on June 10, 1997, which falls within thirty days after the denial of his motion to reconsider but beyond thirty days after the district court's April 29, 1997 order dismissing his suit. Because Glass's motion to reconsider the dismissal of his complaint did not toll the thirty-day time period for appeal, he needed to file his notice of appeal within thirty days of the district court's April 29, 1997 order. His failure to file his notice of appeal until June 10, 1997 renders his appeal untimely and leaves this court without jurisdiction to review the district court's order dismissing his lawsuit. Instead, our review of Glass's appeal is limited to the question whether the district court erred in denying his motion to reconsider. Id.; Parke-Chapley Constr. Co v. Cherrington, 865 F.2d 907, 908 (7th Cir.1989).
 
 
 5
 In his reply brief, Glass refers to case law applying the "unique circumstances" doctrine. This doctrine "relieves a party from the consequences of filing a late notice of appeal where the district court has affirmatively assured the party that his motion has tolled the time for filing a notice of appeal." Hope v. United States, 43 F.3d 1140, 1143 (7th Cir.1994). The unique circumstances doctrine is inapplicable in this case, however, because the record does not indicate, nor does Glass argue, that the district court specifically assured him that his motion to reconsider had tolled the time for filing a notice of appeal. See id. at 144 (rejecting the unique circumstances doctrine where the district court granted the appellant "no specific assurance that his motion tolled the appeal clock.").
 
 
 6
 We turn now to the sole issue properly before this court: whether the district court abused its discretion in denying Glass's Rule 60(b) motion to reconsider. "A decision constitutes an abuse of discretion when it is 'not just clearly incorrect, but downright unreasonable.' " Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc., 131 F.3d 625, 628 (7th Cir.1997). Rule 60(b) provides relief from judgment based on a variety of reasons, including mistake, inadvertence, and newly discovered evidence. Fed.R.Civ.P. 60(b). Rule 60(b) relief is an extraordinary remedy, however, and thus it is granted only rarely. Provident Sav. Bank v.. Popovich, 71 F.3d 696, 698 (7th Cir.1995). This case does not present one of those rare, unique circumstances. Glass presents no newly discovered evidence, and we find no other reason justifying a reconsideration of Glass's complaint. See Hope, 43 F.3d at 1144. The district court therefore was well within its discretion in denying Glass's motion to reconsider.
 
 
 7
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)