In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2981

HARRY O'NEAL,

*Plaintiff-Appellant,*

*v.*

JAMES REILLY, *et al.*,

*Defendants-Appellees.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:15-cv-10526 — **Virginia M. Kendall**, *Judge.*

ARGUED MAY 21, 2020 — DECIDED JUNE 9, 2020

Before MANION, BARRETT, and BRENNAN, *Circuit Judges.*

BARRETT, *Circuit Judge.* Harry O'Neal was convicted of ag-
gravated battery of a police officer after an altercation during
a traffic stop. While incarcerated and while his criminal con-
viction was pending on direct appeal, O'Neal filed a pro se
lawsuit that asserted § 1983 claims against the police officers
who had arrested him. Under *Heck v. Humphrey*, however,
O'Neal's § 1983 suit was barred unless his conviction was re-
versed or expunged. 512 U.S. 477, 486–87 (1994). *Heck*-barred

suits are usually stayed or dismissed without prejudice, but O'Neal's suit took a different course. After he failed to comply with court-ordered briefing deadlines, the district court issued an order directing O'Neal to show cause why his case should not be dismissed for want of prosecution. When O'Neal didn't respond, the district court dismissed his claims with prejudice for failure to prosecute. *See* FED. R. CIV. P. 41(b).

Several months later, O'Neal's conviction was overturned on appeal, lifting the *Heck* bar to his § 1983 suit. Another ten months after that, O'Neal went back to the district court. This time represented by counsel, he filed a "Motion to Reinstate the Case and for Leave to File an Amended Complaint Pursuant to Fed. R. Civ. P. 15." His motion nowhere mentioned Federal Rule of Civil Procedure 60(b), which is the procedural mechanism for obtaining relief from a judgment. But the defendants raised Rule 60(b) in their response to the motion, maintaining that O'Neal was not entitled to relief under that rule. This argument caught O'Neal's attention, and in his reply brief, he attempted to articulate why Rule 60(b) relief was warranted.

The district court denied O'Neal's Rule 15 motion, explaining that it was procedurally improper because he could not file an amended complaint in a terminated case. O'Neal's only procedural option was the one that the defendants had anticipated: securing relief from the judgment under Rule 60(b). But O'Neal didn't even mention Rule 60(b) until his reply brief, so the district court held that the argument was waived. It observed, though, that O'Neal wouldn't have been able to satisfy the requirements of Rule 60(b) anyway.

On appeal, O'Neal argues that the district court was wrong to treat his Rule 60(b) argument as waived. We review

a finding of waiver de novo, *Baker v. Lindgren*, 856 F.3d 498, 506 (7th Cir. 2017), and we agree with the district court: O'Neal waived this argument. His motion invoked Rule 15, not Rule 60. It never mentioned Rule 60(b), referred to any of the specific grounds for relief under Rule 60(b), or cited any cases applying Rule 60(b)—in fact, the motion cited no cases at all. It's not a close call to conclude that O'Neal failed to adequately raise or develop a Rule 60(b) argument in his initial motion. He didn't invoke that rule until his reply brief, and we have repeatedly recognized that district courts are entitled to treat an argument raised for the first time in a reply brief as waived. *See, e.g.*, *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009); *Bodenstab v. County of Cook*, 569 F.3d 651, 658 (7th Cir. 2009).

O'Neal resists this straightforward analysis by insisting that the motion's timing, if not its content, required the district court to treat it as one under Rule 60(b). According to O'Neal, any motion "challenging the merits of a district court's ruling after the time for appeal has expired" should be characterized one seeking relief from the judgment. But the cases that O'Neal cites for this proposition are inapposite. They all deal with the jurisdictional determination whether the time to file a notice of appeal had been tolled by a post-judgment motion. They do not stand for a general rule that post-judgment motions—no matter what arguments they make—must be treated on their merits as motions under Rule 60 if they arrive outside the time to file a notice of appeal. *See Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 585 (7th Cir. 2012); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1993). There is no such rule.

In any event, it is highly unlikely that O'Neal could have filed a successful Rule 60(b) motion even if he had pursued that course. O'Neal filed his motion more than one year after judgment was entered, so his only option would have been Rule 60(b)(6), the residual clause, which allows the court to relieve a party from a final judgment for "any other reason that justifies relief." Relief under this subsection is reserved for movants who can "establish that 'extraordinary circumstances' justify upsetting a final decision." *Choice Hotels Int'l, Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015) (citation omitted). And even though a movant under Rule 60(b)(6) need not file within a year, he still needs to file "within a reasonable time." FED. R. CIV. P. 60(c)(1); *see also Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) ("A motion under the 'catchall' provision contained in Rule 60(b)(6) also must be made 'within a reasonable time.'").

Regardless of whether O'Neal could show that his is an "extraordinary circumstance," he can't show that he moved for relief within a reasonable time. The order dismissing O'Neal's case with prejudice for failure to prosecute was entered in June 2016, but he took no action to appeal that decision. O'Neal says that he didn't receive notice of the judgment when it was issued, and it's true that courts have sometimes used Rule 60(b)(6) to "grant[] relief … when the losing party fail[ed] to receive notice of the entry of judgment in time to file an appeal." 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2864 (3d ed., update Apr. 2020) (footnote omitted). But even if O'Neal didn't know about the judgment when it was issued, he concedes that he received notice of it no later than December 2017. Not only did he fail to file a notice of appeal then, *see* FED. R. APP. P. 4(a)(6) (allowing a district court to reopen the time to file

an appeal if the moving party didn't receive notice of the entry of judgment and other conditions are met), he didn't file his "motion to reinstate" for another year and a half. Thus, O'Neal's procedural blunder under Rule 15 is not the only obstacle to reviving his suit.

In sum, the district court correctly concluded that O'Neal waived any argument that he may have had under Rule 60(b). And because the case had been terminated on the merits, the district court was right to deny his Rule 15 motion for leave to file an amended complaint. The judgment is AFFIRMED.