NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022[*]
Decided April 5, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1068

| | |
|---|---|
| DAVID FARR, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:19-cv-00468-SMY |
| | |
| ILLINOIS DEPARTMENT OF | Staci M. Yandle, |
| CORRECTIONS, et al., | *Judge.* |
| *Defendants-Appellees.* | |

## O R D E R

David Farr, an Illinois inmate, did not pay the required filing fee after the district court declined to permit him to proceed in forma pauperis. As a result, the district court dismissed his suit and denied his motion, filed over a year later, seeking relief from that

---

[*] The appellees where not served with process in the district court and are not participating in this appeal. After examining the appellant's brief and the record, we have concluded that the case is appropriate for summary disposition. FED. R. APP. P. 34(a).

judgment. This appeal is limited to our review of the ruling on that postjudgment motion. Because the district court reasonably denied it, we affirm.

Farr sued under 42 U.S.C. § 1983, alleging that, in 2017, prison staff violated his First and Eighth Amendment rights by requiring him to cut his hair and, when he refused to do so, cutting his hair by force. The district court denied Farr's motion to proceed in forma pauperis because he had just enough money in his prison trust fund account to pay the filing fee. It set a deadline for him to pay the fee—warning him that failure to comply with the deadline "will result in dismissal of this action." Later, it extended the deadline at Farr's request. A week after the new deadline, Farr had paid only half of the fee. Following through on its warning, the court dismissed his suit (without prejudice) under Rule 41(b) of the Federal Rules of Civil Procedure.

Over a year after the deadline and subsequent entry of judgment, Farr paid the remainder of the filing fee. Months after that, he filed a document inquiring about the status of his case. The district court treated this as a Rule 60(b) motion and denied it— reasoning that belated payment after an unexplained defiance of a court's order to pay on time is not grounds for relief under any of Rule 60(b)'s subdivisions.

On appeal, Farr does not advance a germane argument addressing why we should disturb the district court's judgment. Farr timely appealed only the denial of the Rule 60(b) motion. *See* FED. R. APP. P. 4(a)(1)(A). Thus, we may not review the underlying dismissal for failure to pay the filing fee, *Bell v. McAdory*, 820 F.3d 880, 883 (7th Cir. 2016), let alone the merits of his complaint. Despite the restricted scope of our review, in his appellate brief Farr restates facts from his complaint and requests relief for the alleged violations of his constitutional rights; he omits any discussion about the denial of the Rule 60(b) motion. Although we are mindful of Farr's pro se status, we must be able to discern some relevant argument in his brief. *See* FED. R. APP. P. 28(a)(8); *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). "[A]n appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018). Thus, we could dismiss his appeal on this basis. *Cole v. Comm'r*, 637 F.3d 767, 772–73 (7th Cir. 2011).

Still, we may decide the merits of this appeal, *Boutros v. Avis Rent A Car Sys., LLC*, 802 F.3d 918, 924 (7th Cir. 2015), and readily conclude the district court permissibly refused to reopen the case. Because Farr filed his Rule 60(b) motion over a year after the entry of judgment, the only conceivable ground for relief is the catch-all provision in Rule 60(b)(6). *See* FED. R. CIV. P. 60 (c)(1); *O'Neal v. Reilly*, 961 F.3d 973, 975 (7th Cir. 2020). We review denials of relief under that provision using an "extremely deferential"

abuse-of-discretion standard. *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 494 (7th Cir. 2011). The court had ample grounds for denying relief. It had warned Farr that— because he did not qualify to proceed in forma pauperis—he had to prepay the entire filing fee, 28 U.S.C. § 1914; S.D. ILL. L.R. 3.1(a), by the deadline it set, or his case "will" be dismissed. *Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 575 (7th Cir. 2015); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Yet Farr inexplicably missed the deadline, even with the extension that the court had granted. Moreover, when he returned, over a year after the deadline had passed, he did not offer (let alone substantiate) any reason for his lack of compliance or why the court should reopen his case, beyond asserting that he had now paid the fee. Belated compliance with a year-old order, standing alone, is not an "extraordinary circumstance" that would require the court to reopen the case, *O'Neal*, 961 F.3d at 975, given the district court's broad power to enforce a reasonable deadline that it set. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012).

AFFIRMED